## ELIAS SWEET *versus* JOHN BRACKLEY.

If a judgment is conclusive in the State in which it is rendered, it is equally conclusive in every, State of the Union.

Whenever a cause of action has passed into a judgment, it is merged so long as the judgment remains in full force and not reversed.

Hence, where the indorsee of a witnessed promissory note, given in Maine, sued the present defendant as maker in Massachusetts, — whither the latter had removed; and the defendant, after pleading payment and the statute of limitations, obtained a general verdict in his favor; and subsequently the present plaintiff, as payee, brought this action against the defendant, — he having previously removed back to Maine; — *Held*,

1. That the action could not be maintained; and

2. That evidence that the statute of limitations was the only issue tried in the former action was inadmissible.

ON REPORT from *Nisi Prius*, KENT, J., presiding. The facts sufficiently appear in the opinion.

*P. M. & P. H. Stubbs*, for the plaintiff.

*E. F. Pillsbury*, for the defendant.

APPLETON, C. J.—The plaintiff, the payee of the two notes in suit, indorsed the same to one William Stickney, who commenced a suit thereon in Massachusetts. To this the defendant pleaded payment and the statute of limitations and obtained a general verdict in his favor, upon which judgment was duly rendered.

It is. of no importance whether the verdict was upon the ground of payment or the statute of limitations. In either event the judgment rendered upon the verdict was conclusive between the parties in the State in which the trial was had. No new suit could have been maintained by the plaintiff against this defendant for the causes of action already determined in that suit. *Nemo debet bis vexari pro una et eadem causa.*

The Court in Massachusetts, before which the trial was had and by which the judgment was rendered, had jurisdiction of the subject matter of the suit as well as of the par-

ties thereto. By the constitution of the United States, Art. 4, § 1, "full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State." By the Act of Congress of May 26, 1790, it was declared "that the said records and proceedings * * shall have such faith and credit given them in every Court within the United States, as they have by law or usage in the Courts of the State from whence said records are or shall be taken." If a judgment is conclusive in the State in which it is pronounced, it is equally conclusive every where, in the States of the Union. No suit, therefore, could have been maintained by Stickney on the notes in controversy in Massachusetts or in any of the States of the Union. *McElmoyle* v. *Cohen*, 13 Peters, 312; *Bissell* v. *Briggs*, 9 Mass., 462; *Gleason* v. *Dodd*, 4 Met., 333.

After the rendition of judgment in Massachusetts in the suit, Stickney against this defendant, the present plaintiff having in some way obtained possession of the notes, which had been sued and upon which a judgment had been rendered, commenced this action. When that judgment was rendered the legal title to the notes was in Stickney. Whenever a cause of action, in the language of the civil law, *transit in rem judicatam*, and the judgment remains in full force and not reversed, the original cause of action is merged, and gone forever. The notes then in suit had gone to judgment. They were in the custody of the Court. They had ceased to be negotiable. Had they remained negotiable, which will hardly be pretended, there is no proof that they were ever attempted to be negotiated.

If Stickney had assigned his interest after judgment, if he had any, he could transfer no greater rights than he had. "The successors of parties are considered as the parties themselves, and therefore a judgment has the same authority for or against them as it had with respect to those whom they have succeeded." 1 Ev. Poth. p. 4, c. 3, art. 5. Such too, is the well established rule of the common law. *Adams* v. *Burns*, 17 Mass. 365.

The evidence offered was legally inadmissible.    The plaintiff is concluded by the former judgment.

*Plaintiff nonsuit.*

KENT, WALTON, DICKERSON and DANFORTH, JJ., concurred.