FULTON IRON WORKS, Respondent, v. B. L. RIGGIN, Appellant.

### November 20, 1883.

RES ADJUDICATA — STATUTE OF LIMITATIONS — FOREIGN JUDGMENTS. — A judgment against the plaintiff in one state on a demurrer to a plea of the statute of limitations, is a bar to a suit on the same cause of action in another state.

APPEAL from the St. Louis Circuit Court, HORNER, J. *Reversed and judgment.*

HUDGENS & DAVIS for the appellant: Foreign judgments are entitled to full faith and credit. — Bigelow Estop., 195, 202, 204 ; *Sweet* v. *Brackley,* 53 Mo. 346; *Christmas* v. *Russell,* 5 Wall. 290, 304.    This court can only inquire if that court had jurisdiction, and no further. — *Flanagan* v. *Hutchison,* 47 Mo. 237 ; *Barney* v. *White,* 46 Mo. 137.

PATTISON & CRANE for the respondent: To constitute a bar, the former judgment must have been upon the merits. — *Packet Co.* v. *Sickles,* 5 Wall. 592.    This court has

held that " to give a judgment the required force as a bar, it must appear, either upon the face of the record or by extrinsic evidence, that the precise issue was raised and determined in the former suit." — *Tutt* v. *Price*, 7 Mo. App. 196, following the supreme court in *Offutt* v. *John*, 8 Mo. 120; *Spradling* v. *Conway*, 51 Mo. 51.

Bakewell, J., delivered the opinion of the court.

This was an action against appellant on a promissory note, dated St. Louis, January 3, 1876, executed by Riggin & Chapman, a firm, of which defendant was a member. The defence set up was, that the matter is *res judicata*. There is no dispute about the facts., It appears from the pleadings and evidence, that plaintiff began an action on this note against this defendant, in the district court for the county of Chaffee, Colorado. Defendant was duly served, appeared to that action, and demurred to the petition on the sole ground that the action was barred by the laws of Colorado. In that state, any action is barred within six years unless the action accrued without that state, in which case, it is barred in two years. Both parties appeared by counsel, and, on hearing, this demurrer was sustained, and judgment was entered for defendant on January 8, 1880. Plaintiff had declined to plead over. After judgment he obtained time to file a bill of exceptions. Plaintiff took no further steps towards perfecting an appeal, and on January 8, 1882, the district court aforesaid entered final judgment for defendant, *nunc pro tunc*, as of January 8, 1880.

In the suit at bar, there was judgment for plaintiff, on this state of facts, for $2,726.25

It is not disputed, of course, that full faith and credit must be given in each state of the Union to the judicial proceedings of every other state, and that, if a judgment is conclusive in the state in which it is pronounced, it is equally conclusive everywhere in the United States. To

give a judgment the effect of a bar, however, it must appear that the issue in controversy in the second suit was determined in the former one. If, upon the face of the record, anything is left to conjecture as to what was necessarily decided, so far, the former judgment is no estoppel, for want of requisite certainty.

It is contended by respondent, as we understand him, that the Colorado judgment is no bar to a second action between the same parties on the same note, on the ground that that action determines only that there could be no recovery in Colorado, under the circumstances, because of the bar of the statute in that state, and that it does not determine that the plaintiff may not recover upon the same cause of action against the same defendant in another state where the statute prescribes a longer period.

The second suit, however, is for the same cause of action. The maxim is, *nemo debet bis vexari, si constat curiæ quod sit pro unâ et eâdem causâ.* And the reason why courts of justice will not disturb matters once tried between the same parties is, that it is for the interest of the commonwealth that there should be an end of litigation. *Bell* v. *Hoagland*, 15 Mo. 364. Plaintiff selected his forum. There was a final judgment against him. He might, after the demurrer, have dismissed his action; but he elected, with his eyes open, to allow judgment to go against him on the merits, that is, on the question whether or not he had a subsisting cause of action against defendant on this note. An adjudication made in one state is equally conclusive as an estoppel in every other state, and, " if a person having a demand against another, go into a state and sue upon it, and the plea of the statute of limitations of that state be interposed and sustained, he can not return with his demand to the state whence he took it, and maintain an action on it there." This is the language of Mr. Freeman in his treatise on Judgments (3d. ed., sect. 575), and he is supported by the authority of *Sweet* v. *Brackley* (53 Me. 346), which is directly in point.

Both on reason and authority, we think that the Colorado judgment was a bar to the second action. The judgment will, therefore, be reversed. There seems to be no reason for remanding the cause, and judgment will be entered here for defendant. Judge LEWIS concurs. Judge THOMPSON dissents.

