WARNER et al. v. BUFFALO DRYDOCK CO.
No. 55.

Circuit Court of Appeals, Second Circuit.
Nov. 6, 1933.

Single, Atkins, Middleton & Tyler, of New York City (Horace T. Atkins and Christopher E. Heckman, both of New York City, of counsel), for appellants.

McKeehan, Merrick, Arter & Stewart and George William Cottrell, all of Cleveland, Ohio, and Burke & Desmond, of Buffalo, N. Y. (George William Cottrell, of Cleveland, Ohio, Thomas C. Burke, of Buffalo, N. Y., and Carl A. Schipfer, of Cleveland, Ohio, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge (after stating the facts as above).

This appeal raises two questions. The first is whether the decree in the former suit in admiralty that dismissed a libel because of laches, which was founded upon the very cause of action asserted here, is a bar to the present action. The second is whether, in case the decree in admiralty be not a bar, the plaintiffs offered sufficient proof of defendant's negligence for submission to the jury.

The Effect of the Decree in Admiralty.

The Ohio statute of limitations, which the court of admiralty held to be a bar to the cause of action, provided that: "An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose." Gen. Code Ohio, § 11224-1.

The defendant insists that the decision of the court of admiralty where the same cause of action was asserted by and against the same parties as here is a bar to the present action. This is so if the decree in admiralty can be regarded as a judgment on the merits.

A decision that the Ohio statute of limitations barred the remedy was not res judicata in an action to assert plaintiffs' rights in another forum. If the Ohio statute had extinguished the plaintiffs' rights, as in case of adverse possession of real property beyond the statutory period of limitation, the situation would be different. The decisions of the Supreme Court and the English cases all indicate that the judgment of the court of a foreign state which dismisses a cause of action because of the statute of limitations of the forum is not a decision upon the merits and is not a bar to a new action upon the identical claim in the courts of another state. This is the settled doctrine of the English courts. Harris v. Quine, L. R. 4 Q. B. 652; Huber v. Steiner, 2 Bing, N. C. 202; Williams v. Jones, 13 East. 439. The same rule has been applied by the Supreme Court.

In Bank of United States v. Donnally, 8 Pet. 361, 8 L. Ed. 974, the declaration alleged that the defendant had promised, as surety, to pay a note made and payable in the state of Kentucky, that the note was not under

seal, but that by the law of Kentucky such a note was placed upon the same footing as a note under seal. The defendant pleaded the five-year statute of limitations of Virginia where the action for breach of the promise to pay was brought in the United States District Court. The plaintiff demurred to the plea, and the demurrer was sustained by the District Court. The Supreme Court held that the demurrer should have been overruled because the remedy sought in Virginia was to be governed by the law of the forum and not by the law of Kentucky which allowed the time within which to sue given in case of instruments under seal. At page 370 of 8 Pet., Story, J., said: "As the contract, upon which the original suit was brought, was made in Kentucky, and is sought to be enforced in the state of Virginia, the decision of the case in favor of the defendant, upon the plea of the statute of limitations, will operate as a bar to a subsequent suit in the same state; but not necessarily as an extinguishment of the contract elsewhere, and especially in Kentucky."

At page 371 of 8 Pet., Story, J., further said: "The general principle adopted by civilized nations is, that the nature, validity and interpretation of contracts, are to be governed by the law of the country where the contracts are made, or are to be performed; but the remedies are to be governed by the laws of the country where the suit is brought; or, as it is compendiously expressed, by the lex fori. No one will pretend, that because an action of covenant will lie in Kentucky, on an unsealed contract made in that state, therefore, a like action will lie in another state, where covenant can be brought only on a contract under seal. It is an appropriate part of the remedy, which every state prescribes to its own tribunals, in the same manner in which it prescribes the times within which all suits must be brought. The nature, validity and interpretation of the contract may be admitted to be the same in both states; but the mode by which the remedy is to be pursued, and the time within which it is to be brought, may essentially differ. The remedy, in Virginia, must be sought within the time, and in the mode, and according to the descriptive character of the instrument, known to the laws of Virginia, and not by the description and character of it, prescribed in another state."

In Brent v. Bank of Washington, 10 Pet. 596, 617, 9 L. Ed. 547, the earlier decision in Bank of United States v. Donnally was cited with approval, and the Bank of Washington as the holder of certain shares of stock as security for an outlawed claim was adjudged to be entitled to enforce its lien because, while "the legal remedy is barred, * * * the debt remains as an unextinguished right."

The same line of reasoning was followed in M'Elmoyle v. Cohen, 13 Pet. 312, 10 L. Ed. 177; Townsend v. Jemison, 9 How. 407, 13 L. Ed. 194; Campbell v. Holt, 115 U. S. 620, 6 S. Ct. 209, 29 L. Ed. 483, and Le Roy v. Crowninshield, 2 Mason, 151, Fed. Cas. No. 8,269. All the court in Ohio decided was that the remedy was barred there because of laches. If another action had been brought in that court, the Ohio decree would have been a bar, for it determined the applicability of the Ohio statute of limitations which would necessarily have been involved in any jurisdiction where that statute operated. Such was the situation in People ex rel. Best v. Preston, 62 Hun, 185, 16 N. Y. S. 488, relied on by the appellee, and in Parkes v. Clift, 9 Lea, 524.

The Ohio decree does not fail to bar the remedy in the present action because it is not res judicata as to everything which it decided, but because it did not decide that the plaintiffs' claim was extinguished, but only that they could not sue in Ohio on account of the local statute of limitations.

In Brand v. Brand, 116 Ky. 785, 76 S. W. 868, 873, 63 L. R. A. 206, an action was brought in Kentucky upon a promissory note made in Missouri. There had been a previous action in New York where judgment was rendered for the defendant solely under the statute of limitations of New York. The Kentucky court held that the New York judgment was not a bar and that its only effect was to establish that the plaintiff had no remedy under the laws of New York for the enforcement of her claim. It added "that that judgment did not extinguish her 'cause of action' in the courts of Kentucky, where a different statute of limitation prevails."

The law in New York as to the effect of a foreign statute of limitations which does not operate to transfer title to property is likewise that it only affects the remedy and not the right. Lightfoot v. Davis, 198 N. Y. at page 264, 91 N. E. 582, 29 L. R. A. (N. S.) 119, 139 Am. St. Rep. 817, 19 Ann. Cas. 747; House v. Carr, 185 N. Y. at page 458, 78 N. E. 171, 6 L. R. A. (N. S.) 510, 113 Am. St. Rep. 936, 7 Ann. Cas. 185. See, also, Dicey on Conflict of Laws (5th Ed.) at page 473, where it is said that a foreign judgment in favor of the defendant is not an answer to an action in England "if it is given in favor of the defendant on the ground that the action is barred by the statute of limitations." The

above rule as to the effect of the statute of limitations of a foreign state is not only applicable to contracts but to causes of action in tort. Kansas City So. R. Co. v. Maynor (C. C. A.) 209 F. 611.

The decision of the Supreme Court in United States v. Oregon Lumber Co., 260 U. S. 290, 43 S. Ct. 100, 102, 67 L. Ed. 261, was the chief reliance of the appellee in the court below, and is here. In that case the government had brought a bill in equity to annul a patent granted through fraudulent representations. The defendant pleaded the statute of limitations with the result that the bill was dismissed and a decree was entered accordingly. The statute did not extend the bar to the government's remedy at law. Accordingly the government brought an action at law to recover damages for the fraud. A majority of the Supreme Court held that the suit in equity and the decree dismissing the bill amounted to an irrevocable election of remedies which prevented the maintenance of the action at law. It was not suggested that the decree of dismissal barred the action as res judicata, and we find no reason to suppose that general statements in the opinion, made in support of the adjudged election, to the effect that "the defense of the statute of limitations is * * * substantial and meritorious," were intended to overthrow the earlier decisions of the court and the settled rule that statutes of limitation barring ordinary claims in contract and tort affect only remedies and not substantive rights. It may be added that the statute of limitations involved in United States v. Oregon Lumber Co. related to suits for the recovery of the possession of property and hence affected rights and not merely remedies, and that the decision therefore falls within the exception to the general rule that such statutes affect remedies only.

In the present case there is no question of election. The causes of action asserted in both courts were identical. Hence even if the doctrine of the majority of the Supreme Court should be applied in an action at law by a federal court sitting in the state of New York, it would not govern the situation here. Schenck v. State Line Telephone Co., 238 N. Y. at page 312, 144 N. E. 592, 35 A. L. R. 1149.

In Sweet v. Brackley, 53 Me. 346; Weeks v. Harriman, 65 N. H. 91, 18 A. 87, 4 L. R. A. 744, 23 Am. St. Rep. 21, and Fulton Iron Works v. Riggin, 14 Mo. App. 321, it seems to have been held that a judgment of the court of a foreign state that a cause of action is barred by the statute of limitations is an adjudication that it is thus barred generally and everywhere. With all deference, we can see no justification for the result reached. All the foreign court adjudicates as a fact is that the action has been brought after the expiration of the statutory period, and, as a matter of law, that the remedy is barred in that court. To be sure, courts might hold that, where a suit is brought in one jurisdiction and fails, the same defendant shall not be vexed by another action. But no such doctrine obtains where the prior decision has merely barred a remedy less extensive than that affirmed by the lex fori. As no rule of law prevents the prosecution of both remedies concurrently, it is hard to see why failure of one should preclude the other where the periods of limitation are different. In our opinion, the dismissal of the libel by the Ohio court was not a bar to the present action.

### Sufficiency of Plaintiffs' Evidence.

The appellee seeks to sustain the judgment below on the ground that, even if the dismissal of the libel be not a bar to the present action, the plaintiffs offered no proof of negligence sufficient to go to a jury. But we regard the proof offered as clearly sufficient to raise a jury question. The defendant's foreman is said to have informed plaintiffs' engineer that defendant's workmen had had a fire in the coal bunker. The engineer saw a hole running through the metal covering and into the wood in the sill formed by the stringer at the base of the coal bunker which, from its appearance, was burned and not bored. The wood underneath the hole was charred. Defendant's foreman said the workmen had put water on the fire "and presumed it was out" and "showed the place where the fire had been." There was testimony that there were spaces between the coal bunker and the sheet metal where coal dust might accumulate, and that flame from the acetylene torch sufficient to burn through the metal would deflect laterally and could ignite coal dust beyond the reach of the water poured into the hole where the fire had burned the wood in the stringer forming the sill at the base of the coal bunker.

The testimony justified the inference that the coal dust became ignited and that the ignition crept along in the coal dust until it met sufficient oxygen to create a combustion resulting in a flame. The evidence of the original fire and of the probable causal connection between it and the burning of the ship seven or eight hours later was not con-

troverted. It explained the damage suffered, and was the only rational explanation offered. There is every reason to believe that the defense of lack of proof is trivial for, in opening to the jury, defendant's counsel said:

"Now, during the time they were burning the stay bolts with this torch (referring to defendant's employees), the acetylene torch, the heat and sparks about 1:00 or 2:00 o'clock in the afternoon backed up and charred or set fire to a stringer on this wooden bulkhead that had been exposed by the removal of the sheet iron."

We think a jury might properly have found the damage due to the careless use of the torch and the failure completely to extinguish the original fire.

Judgment reversed.