■ DONNA COCKRUM, Respondent, v. FRED COCKRUM, Appellant.— In an action by a wife for a judicial separation, in which: (1) a judgment had been entered June 19, 1962 in the wife's favor directing the husband to pay $75 a week as permanent alimony for support and maintenance of the wife and their infant son; and (2) an order, based upon said judgment, had been made on January 11, 1963, pursuant to statute (Personal Property Law, § 49-b), directing the husband's employer to deduct said weekly sum from the husband's salary and to pay it to the wife, the husband appeals from an order of the Supreme Court, Kings County, dated April 29, 1963, which denied his motion, made upon his special appearance: (a) to modify said judgment of separation so as to delete its provisions for payment of such permanent alimony and support; and (b) to cancel said wage deduction order. Order appealed from reversed on the law and the facts, without costs; motion granted; judgment modified by deleting its last decretal paragraph directing the husband to pay alimony of $75 a week; and order of January 11, 1963, directing the employer of the husband to make weekly deductions of $75 from his salary, vacated. Personal service of the summons and verified complaint for separation, pursuant to statute (former Civ. Prac. Act, § 235), was effected on the defendant in Baton Rouge, Louisiana, by a New York attorney; the defendant neither appeared nor answered. After a trial, judgment was entered granting to the wife, in addition to a separation, alimony of $75 per week for the support and maintenance of herself and their son. Later, a wage deduction order was granted to the plaintiff in order to effectuate the support and maintenance provisions of the judgment. Thereupon, the defendant made the instant motion which resulted in the order appealed from. The only issue raised is whether the defendant was a domiciliary of the State of New York at the time the personal service of process in the action was effected upon him in Louisiana. If he was not, it would follow that in personam jurisdiction over him was never obtained and that the support and maintenance provisions of the judgment are void (see former Civ. Prac. Act, § 235). We find that there is absolutely no evidence in the record to establish that, at the time he was served with process in Louisiana, the defendant was a New York resident or domiciliary. The parties were married in Brooklyn in September, 1957, and there are conflicting assertions as to whether they lived in New York for one year thereafter. However, there is no conflict as to the following facts: (a) that at some time after their marriage they went to live in a Maryland house owned by defendant; (b) that thereafter defendant bought a home in Mobile, Alabama; (c) that it was from this home that on December 17, 1960 plaintiff left defendant to return to her parents in New York; (d) that defendant did not accompany the plaintiff; (e) that he

apparently remained a resident of Alabama, his last address being in that State; (f) that he is a ship's radio officer, spends two thirds of every month aboard ship, and his port for boarding ship is Mobile, Alabama; and (g) that nowhere in the record does the plaintiff claim that, at the time of the service of process, defendant was a domiciliary of New York. Under such circumstances, we hold that, at the time of the service of process upon him in Louisiana, the defendant was not a domiciliary of New York. Thus, the New York court never acquired jurisdiction in personam over him and the provisions in the judgment granting support and maintenance are void (see *Geary* v. *Geary,* 272 N. Y. 390; *Odiens* v. *Odiens,* 265 App. Div. 641; see, also, *Carlson* v. *Carlson,* 9 A D 2d 864). That being so, the statutory wage deduction order must also be vacated; its existence can be justified only if it effectuates *valid* support and maintenance provisions. Here, we have declared such provisions to be invalid. Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.