**Geraldine L. STANLEY**

v.

**Walter P. STANLEY Jr. and Depositors Trust Company.**

Supreme Judicial Court of Maine.

Dec. 11, 1970.

Verrill, Dana, Philbrick, Putnam & Williamson, by Roger A. Putnam, Portland, for plaintiff.

Locke, Campbell & Chapman, by Harry N. Starbranch, Augusta, for defendants.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY and MARDEN JJ.

WEBBER, Justice.

On appeal. Plaintiff brought an action for divorce against her husband, the de-

3. See 4 A.L.R.3d 261 with annotation commencing at 270 for collection of cases relating to attorneys' fees as damages.

fendant Stanley. The first count of her complaint was in the usual form and prayed for the divorce, for custody of three minor children, for alimony, for reasonable support for the children and for counsel fees. Plaintiff alleged that she is a resident of Maine but that her husband is a resident of Massachusetts. The second count alleged that defendant Trust Company is trustee under a certain trust instrument made in 1952, said defendant Stanley being a contingent beneficiary thereunder. The prayer under this count was (a) to declare the rights of defendant Stanley under said trust, (b) to enjoin the trustee from distributing principal or income to defendant Stanley without further order of Court, and (c) to enjoin defendant Stanley from assigning, pledging or alienating any of his rights thereto, all by way of protection of said minor children.

The Court below found that defendant now resides in Dorchester, Massachusetts, that personal service was made on him there, and that he has failed to appear in person or by counsel in the Maine proceedings. Nevertheless, in addition to granting a divorce and custody of the children to plaintiff, the Court ordered defendant Stanley to pay $33 per week toward the support of each child and lump sum alimony in the sum of $16,500, together with counsel fees. The order for alimony presents no problem here since we are informed that it has since been satisfied by a voluntary conveyance by Stanley of real estate in accordance with an alternative provision of the decree. With respect to the second count, the Justice below concluded that he was without authority to grant the relief requested by plaintiff and accordingly, on motion of defendant Trust Company, dismissed that count. Plaintiff appeals from the order of dismissal. Defendant Stanley has not appeared or participated in the proceedings on appeal.

The plaintiff and defendant Trust Company have stipulated that the trust fund, now valued at about half a million dollars, is established to provide for the donor's widow, mother of defendant Stanley, during her lifetime. The trust will terminate at her death and the remaining funds therein will be then distributed to said Stanley and his sister equally if they then survive, the share of either not then surviving to pass to his or her children by right of representation. Under stated conditions the trustee may invade the principal to support the primary beneficiary.

Plaintiff looks to the provisions of 19 M.R.S.A. Sec. 752 (divorce and annulment) for authority to grant the equitable relief requested, and in particular to that portion of the section which provides:

" * * * ; and in execution of the powers given it under this Title may employ any compulsory process which it deems proper, by execution, attachment *or other effectual form, * * *.*" (emphasis ours)

Under the peculiar circumstances here existing we do not reach the question as to whether or not or under what circumstances a Court having divorce jurisdiction could exercise equitable powers over a trust in aid of a valid support order. In the instant case the invalidity of the support order itself precludes consideration of the secondary issue.

■ It has long been recognized that constitutional principles render void an *"in personam"* judgment rendered against a nonresident defendant who is neither served with process within the state nor subsequently appears or otherwise submits to the jurisdiction. Pennoyer v. Neff (1877) 95 U.S. 714, 24 L.Ed. 565; Lovejoy v. Albee (1851) 33 Me. 414; see Plurede v. Levasseur (1896) 89 Me. 172, 175, 36 A. 110. This rule applies equally to *"in personam"* orders in divorce decrees for support of children, alimony and counsel fees. Addy v. Addy (1949) 240 Iowa 255, 36 N.W.2d 352, 355; Beardsley v. Beardsley (1957) 144 Conn. 725, 137 A.2d 752; see Carter v. Carter (1960) 147 Conn. 238, 159 A.2d 173, 175; Geary v. Geary (1936) 272 N.Y. 390,

6 N.E.2d 67, 70. Maine's so-called Long Arm Statute, 14 M.R.S.A. Sec. 704 as amended does not purport to apply to *"in personam"* orders in divorce judgments. See interpretation of Illinois Long Arm Statute with respect to acts grounding divorce in Mroczynski v. McGrath (1966) 34 Ill.2d 451, 216 N.E.2d 137.

We are not here dealing with *"in rem"* orders of court affecting property of defendant within its jurisdiction. We are concerned only with an *"in personam"* order of support accompanied by a request for injunctive relief in aid of such order. The situation is not unlike that which was presented in Cockrum v. Cockrum (1964) 20 A.D.2d 642, 246 N.Y.S.2d 376, 378. In that case personal service of summons and complaint in a New York divorce action was made on defendant in Louisiana. The New York court ordered payment of a weekly sum for support and maintenance of plaintiff wife and minor child. In addition and in aid of this order, the court pursuant to statute issued a wage deduction order. On appeal these orders were vacated. The appellate court said:

"Under such circumstances, we hold that, at the time of the service of process upon him in Louisiana, the defendant was not a domiciliary of New York. Thus, the New York court never acquired jurisdiction *in personam* over him and the provisions in the judgment granting support and maintenance are void. * * * That being so, the statutory wage deduction order must also be vacated; its existence can be justified only if it effectuates *valid* support and maintenance provisions. Here, we have declared such provisions to be invalid."

As already noted, we neither intimate nor suggest what our holding might be in a case in which the Maine Court had obtained jurisdiction over the defendant and some form of ancillary relief was sought affecting property interests of the defendant, even though held in trust. In the instant case we deem the lack of personal jurisdiction to be fatal to the additional claim of protective relief which is here sought.

Appeal denied.

MARDEN, J., sat at argument but retired before decision was rendered.