Patricia DeVLIEG

v.

Daniel O. DeVLIEG.

Supreme Judicial Court of Maine.

Argued March 5, 1984.

Decided May 15, 1985.

David M. Glasser (orally), Lincolnville, for plaintiff.

Eaton, Glass, Marsano & Woodward, Francis Marsano (orally), Belfast, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ.

ROBERTS, Justice.

Patricia DeVlieg appeals from a decision of the District Court, Belfast, wherein the court refused to enforce the terms of an Ohio divorce decree. The District Court ruled that absent personal service upon Daniel DeVlieg *in Ohio*, the Ohio court lacked jurisdiction to divide marital property in Maine or to order alimony and child support payments. We vacate the District Court's order and remand for a determination whether Daniel was properly served with process under Ohio long arm provisions and, if he was not, for consideration of Patricia's request for division of marital property and for an alimony award.

Patricia and Daniel DeVlieg were married in Ohio in 1968 where they resided for about one and one half years. They then moved to Rhode Island. Their only child,

Jennifer Lynn, was born there in 1970. The DeVliegs then moved to Belfast, Maine. In 1973, Patricia and Daniel traveled to Ohio so that Jennifer could visit her maternal grandparents on her birthday. Daniel left shortly after their arrival in Ohio, ostensibly to transact business in Chicago. He never returned to Ohio nor did he contact Patricia to inform her of his whereabouts. Later that year, Daniel filed a divorce complaint in District Court in Maine, and Patricia filed a counterclaim. In 1976, Patricia dismissed her counterclaim and the District Court denied Daniel's complaint, finding insufficient facts on which to grant a divorce under the law then in effect.

Patricia then filed a divorce complaint in Ohio. In August, 1976, the Ohio court granted a divorce and awarded custody of Jennifer to Patricia. The court ordered Daniel to pay child support of $45 per week and alimony of $55 per week. Additionally, the Ohio decree purported to divide marital property in Belfast. Daniel has substantially complied with the child support order.

In December of 1979, Patricia filed the Ohio judgment in the Maine District Court, Belfast, docket number 79–80–C118. In April of 1980, she filed a complaint in the same court seeking to enforce the Ohio judgment, docket number 79–80–C201. Alternatively, in C201, she requested an award of child support and a division of marital property pursuant to 19 M.R.S.A. 722–A (1981).[1] The subsequent procedure in these cases is unclear. In C118 Daniel moved to dismiss and to deny entry of the Ohio judgment except as to dissolution of the marriage and asserted as an affirmative defense that the judgment was not entitled to full faith and credit. In C201 he moved to dismiss the complaint on the ground, inter alia, that the Ohio judgment was not entitled to full faith and credit.

He also asserted affirmative defenses and answered the two counts of the complaint. Before any ruling on Daniel's responses, and for the purpose of accommodating Patricia, her testimony was received by the court in December, 1981. Without any further hearing, the court in August, 1982, orally ruled that the Ohio court lacked jurisdiction to enter alimony and child support orders or to divide marital property. The court thereafter proceeded to hear the testimony of Daniel DeVlieg to determine the existence of marital property and to determine the amount of child support he would be ordered to pay. The judgment in C118 was disregarded. Moreover, the court apparently accepted defense counsel's position that there was no marital property for the District Court to divide because Daniel no longer owned the Maine real estate and any personal property had been divided.

An order for the care and support of Jennifer was subsequently entered in both cases. Findings of fact and conclusions of law filed in both cases in October, 1982, confirm the oral rulings of August. Patricia appealed to the Superior Court, Waldo County, and ultimately to this Court. We review directly the actions of the District Court. *Emery v. Emery*, 476 A.2d 193, 195 n. 1 (Me.1984); *Williams v. Williams*, 444 A.2d 977, 978–79 (Me.1982).

Despite the confusion in the record, we discern that the District Court ruled the Ohio court was without personal jurisdiction over Daniel DeVlieg. At the time of the court's ruling, the record did not reflect how Daniel was served, except for a recital in the Ohio judgment that both parties were "duly served with process personally according to law." Before us, Daniel claims that he was served by mail. In any event, the District Court based its ruling upon the concept that for Ohio to have personal jurisdiction it was essential either

---

1. 19 M.R.S.A. § 722–A (1981) states, in pertinent part:

    **1. Disposition.** In a proceeding: (a) for a divorce, (b) for legal separation, or (c) for disposition of property following dissolution of the marriage by a court which lacked per-

sonal jurisdiction over the absent spouse or lacked jurisdiction to dispose of said property, the court shall divide the marital property in such proportions as the court deems just after considering all relevant factors....

that Daniel personally appear or that he be personally served *within the State of Ohio*. We reject the District Court's conclusion as too narrowly interpreting the scope of substituted service.

■ We recognize that in *Stanley v. Stanley,* 271 A.2d 636, 637 (Me.1970), we said that service within the state or submission to the jurisdiction was a prerequisite to a valid *"in personam"* judgment. Our opinion in *Stanley* was written at a time when our long arm statute did not purport to apply in divorce actions. 14 M.R.S.A. § 704 (1975), *repealed by* P.L.1975, ch. 770 § 79 (effective April 16, 1976) (*replaced by* 14 M.R.S.A. § 704-A (1980)). We now decide that, given sufficient contacts with the forum state, personal jurisdiction can be asserted over a non-resident who has received sufficient notice of a divorce action. *See* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 4.10 at 44–45 (2d ed. Supp. 1981) and cases cited therein. We therefore remand these cases to the District Court for determination whether (1) the notice given to Daniel complied with the Ohio long arm provisions and (2) whether in the circumstances the application of long arm jurisdiction comports with due process. We note for the guidance of the parties that full faith and credit requires that Maine accord Ohio judgments the same degree of finality as would Ohio. *Sweet v. Brackley,* 53 Me. 346, 347 (1865); *see also O'Malley v. O'Malley,* 338 A.2d 149, 153–54 (Me.1975). Although that part of the decree purporting to dispose of Maine real estate cannot act directly upon the property, it may be binding upon the parties as a final determination of and division of marital property. *See, e.g., Varone v. Varone,* 359 F.2d 769, 771 (7th Cir.1966); *Miller v. Miller,* 109 Misc.2d 982, 441 N.Y.S.2d 339, 341 (1981).

■ We also direct that, should the District Court again determine that the Ohio court lacked personal jurisdiction, the Maine court should proceed to ascertain and divide any marital property under 19 M.R.S.A. § 722-A (1981). That adjudication must be made as of August 17, 1976, the date on which the parties were divorced by judgment of the Ohio court. *See Atkins v. Atkins,* 376 A.2d 856, 859 (Me. 1977). We reject Daniel's contention that the District Court cannot act because no property remains in Daniel's name. Nor do we accept the proposition that a marriage partner can so easily escape compliance with the statute by simply alienating all marital property. The plain meaning of section 722-A requires either a division of marital property in specie or an accounting of the value of the marital property and appropriate compensation for its value, if any.

■ Finally, Patricia contends that the trial court erred in failing to determine the issue of alimony. We agree. If the trial court determines that Daniel was not personally served in Ohio, the Maine court can still award alimony, as Ohio had no jurisdiction to do so. 24 Am.Jur.2d *Divorce and Separation* § 687 (1983). Daniel's argument that Patricia has not requested the Maine court to award alimony is hypertechnical, particularly in view of the requirement of M.R.Civ.P. 54(c) that "every judgment shall grant the relief to which the party in whose favor it is rendered is entitled even if the party has not demanded such relief in his pleadings." We need not address at this time any other issues raised by the parties.

The entry is:

Judgment vacated.

Case remanded for further proceedings consistent with the opinion herein.

All concurring.