**Adelheid A. WEBER**

v.

**Donald A. ALLEN.**

Supreme Judicial Court of Maine.

Argued April 27, 1990.
Decided May 30, 1990.

Edward S. David (orally), Livermore Falls, for plaintiff.

Frank Underkuffler (orally), Farmington, for defendant.

* Hornby, J., sat at oral argument and participated in the initial conference but resigned before this opinion was adopted.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY * and COLLINS, JJ.

CLIFFORD, Justice.

Donald Allen appeals from the order of the Superior Court (Franklin County, *Bradford, J.*) denying his motion for relief from a divorce judgment pursuant to M.R.Civ.P. 60, and to set aside omitted marital property, pursuant to 19 M.R.S.A. § 722–A(6) (Supp.1989), in connection with his 1961 divorce from Adelheid Weber. We affirm the order.

Adelheid Weber (then Adelheid Allen) and Donald Allen were married in August 1954 and acquired title as joint tenants to their home located in Wilton in January 1956. In 1961, Weber was granted a divorce based on the fault of Allen. R.S. ch. 166, § 55 (1954). Under that judgment, Allen was ordered to pay alimony in the amount of $1 per year. No provision was made in the judgment for the division of any property, real or personal.

Allen contends that at the time of the divorce he was not represented by counsel; that Weber agreed that Allen would receive title to the Wilton property; and that Weber's attorney was to do what had to be done to eliminate Weber's interest in the property. After Weber moved from the property in 1961, Allen continued to reside there, maintaining it as his own and bearing sole responsibility for the payment of both the real estate taxes and the note secured by it. He also undertook substantial improvements. In June 1989, before transferring the property to his son, Allen ordered a title examination that revealed that he was not sole owner of the property as he had believed himself to be, but that record ownership remained in Allen and his former wife as joint tenants.

Upon learning that record title to the property remained in joint tenancy, Allen filed a motion pursuant to M.R.Civ.P. 60 seeking relief from the 1961 divorce judgment in the form of an amendment to pro-

vide that the Wilton real estate be set aside to him. Also contending that the divorce judgment did not completely dispose of the couple's marital property, Allen requested that the court apply 19 M.R.S.A. § 722–A(6), the omitted property statute, to set aside the Wilton property to him. Allen has appealed from the Superior Court's denial of his motion.

■ Allen contends that he is entitled to relief either under M.R.Civ.P. 60(a) or 60(b)[1] because the failure of the divorce judgment to dispose of the Wilton property was the result of mistake. We disagree. It is clear that Allen's claim of mistake is not the kind of clerical mistake within the meaning of Rule 60(a). *Davis v. Bruk*, 411 A.2d 660, 666–67 (Me.1980). Nor does the relief he seeks fall within the ambit of Rule 60(b). The heart of Allen's contention is that his former wife has breached an agreement to convey the real estate to him. Allen does not contend that the agreement was ever presented to the court for incorporation into the divorce judgment or that he understood that it was going to be so incorporated. Allen may seek to enforce the terms of that collateral agreement,[2] but its enforcement cannot be accomplished by amending the 1961 divorce judgment pursuant to M.R.Civ.P. 60(b).

■ Allen further contends that because the divorce judgment did not dispose of the Wilton property, the recently enacted omitted property statute, 19 M.R.S.A. § 722–A(6),[3] should be applied to set aside the property to him. Again we disagree. The Superior Court correctly concluded that section 722–A(6) was inapplicable to this 1961 judgment.

■ Divorce is wholly statutory, and the court's authority to deal with divorce matters is dependent upon the statutory law existent at the time a matter is decided. *Harmon v. Emerson*, 425 A.2d 978, 983 (Me.1981); *Henderson v. Henderson*, 64 Me. 419, 421 (1875); *see DeVlieg v. DeVlieg*, 492 A.2d 605, 607 (Me.1985). The concept of marital property and the statutory mandate of 19 M.R.S.A. § 722–A(1) requiring the court to divide all marital property before entering a final judgment were not adopted in this state until 1971. *See* 19 M.R.S.A. § 722–A(1) (effective Jan. 1, 1972); *see also Sheldon v. Sheldon*, 423 A.2d 943, 947 (Me.1980). In 1961, when Weber's divorce was granted, the statutory scheme then in effect provided that upon a divorce granted for the husband's fault, the wife was entitled to a one-third interest in any property held in the husband's name. R.S. ch. 166, § 63 (1954); *see Zillert v. Zillert*, 395 A.2d 1152, 1155 (Me.1978). The title to the Wilton property, held by the parties as joint tenants, was unaffected by

---

1. M.R.Civ.P. 60 provides in pertinent part as follows:

   **(a) Clerical Mistakes.** Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party....

   **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made

within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken....

Because of the timing of Allen's motion, he would have to rely upon Rule 60(b)(6).

2. We offer no opinion on the present enforceability of such an agreement, or on the possibility of Allen seeking partition of the real estate. *See* 14 M.R.S.A. §§ 6501–6525 (1980 & Supp. 1989).

3. 19 M.R.S.A. § 722–A(6) (effective Sept. 30, 1989), *see* P.L.1989, ch. 150, provides as follows:

   If a final divorce decree fails to set apart or divide marital property over which the court had jurisdiction, the omitted property is deemed held by both parties as tenants in common. On the motion of either party, which may be made at any time, the court may set aside or divide the omitted property between the parties, as justice may require.

the entry of the divorce judgment and their joint tenancy survived dissolution of their marriage. *Poulson v. Poulson*, 145 Me. 15, 23, 70 A.2d 868 (1950); *cf. Panter v. Panter*, 499 A.2d 1233, 1233 (Me.1985). There was no marital property that the 1961 divorce court failed to divide within the meaning of section 722–A(6) and, therefore, no omitted property to which that section might apply. There was no error or abuse of discretion in the court's refusal to grant the requested relief.

The entry is:

Order denying motion for relief from judgment and to set aside omitted marital property affirmed.

All concurring.