[Civ. No. 28912. Fourth Dist., Div. One. May 24, 1985.]

MARY EMILY BRUNSON, Plaintiff and Respondent, v. JAMES NEIL BRUNSON, Defendant and Appellant.

COUNSEL

Russell Iungerich for Defendant and Appellant.

George G. Hurst and Thacher & Hurst for Plaintiff and Respondent.

OPINION

**BROWN (Gerald), P. J.**—James Brunson appeals a judgment awarding Mary Brunson, as her share of community property, a 45 percent interest in his military pension.

James joined the United States Navy in 1942. He married Mary in 1944. He retired from the service in 1963 and began receiving retainer pay. The Brunsons divorced in 1971. The pleadings in their divorce action made no mention of James' retainer pay as community property, and the court did not dispose of the retainer pay in the divorce proceedings. In September 1980 Mary sued for a partition of the retainer pay on the ground it was a missed asset under *Henn* v. *Henn* (1980) 26 Cal.3d 323 [161 Cal.Rptr. 502, 605 P.2d 10]. After hearing testimony of the Brunsons and their divorce attorneys, and judicially noticing the divorce file, the court found the retainer pay was a missed asset and Mary was entitled to 45 percent of it. On April 18, 1983, the court entered judgment according to its findings.

On June 26, 1981, the United States Supreme Court decided *McCarty* v. *McCarty* (1981) 453 U.S. 210 [69 L.Ed.2d 589, 101 S.Ct. 2728], holding a federal statute prohibits division of military pensions and preempts state community property law. *McCarty* is no longer the law. The Uniformed Services Former Spouses' Protection Act (Pub.L. No. 97-252) overrules *McCarty*. California law treating military retirement pensions as com-

munity property is no longer preempted. The act's legislative history clearly shows Congress' intent to abrogate all applications of the *McCarty* decision (*In re Marriage of Buikema* (1983) 139 Cal.App.3d 689, 691 [188 Cal.Rptr. 856]). Further, the act shows Congress' intent the law about community property treatment of military retirement pensions be as though *McCarty* did not exist; there is no longer any *McCarty* rule to be retroactively applied (*In re Marriage of Frederick* (1983) 141 Cal.App.3d 876, 879, 880 [190 Cal.Rptr. 588]). In *Aloy* v. *Mash* (1985) 38 Cal.3d 413, 421-422 [212 Cal.Rptr. 162, 696 P.2d 656], the California Supreme Court said: "[N]o case within our memory has received less retroactive application than *McCarty*. Starting with the last paragraph of the *McCarty* opinion itself, the judicial and legislative branches, state and federal, cooperated in a massive and largely successful drive to make *McCarty* disappear—prospectively, presently and retroactively. . . . The result is that, for most purposes, *McCarty* not only is not the law but never really was."

James contends the court erred in finding the retainer pay was a missed asset because the military pension was considered by the court in setting spousal support payments, and was mentioned in the interlocutory judgment. However, mere mention of a military pension is not an adjudication of property rights; therefore, the trial court properly determined those rights in accordance with California community property law and awarded Mary her proportionate share. (See *Miller* v. *Miller* (1981) 117 Cal.App.3d 366, 370-371 [172 Cal.Rptr. 745].)

The judgment is affirmed.

Staniforth, J., and Butler, J., concurred.