*In re* MARRIAGE OF DOROTHY M. LIPKIN, Petitioner and Counterrespondent-Appellant, and ARCHIE LIPKIN, Respondent and Counterpetitioner-Appellee.

Fourth District   No. 4—87—0365

Opinion filed December 10, 1987.

Lawrence E. Johnson, of Lawrence E. Johnson & Associates, P.C., of Champaign, for appellant.

Richard J. Watson, of Summers, Watson & Kimpel, of Champaign, for appellee.

JUSTICE LUND delivered the opinion of the court:

The marriage between Dorothy M. Lipkin (petitioner) and Archie Lipkin (respondent) was dissolved on October 28, 1986. On February 18, 1987, the circuit court of Champaign County entered a supplemental judgment of dissolution as to ancillary matters. Petitioner appeals from this order, and her only contention is that the trial court erred in refusing to award her a part of respondent's military pension. We affirm.

In order to deal with the arguments raised by petitioner, we must explain the background litigation between the parties. Petitioner filed a petition for separate maintenance on June 12, 1978, and after litigation, an order for separate maintenance was entered on June 11, 1979. The order provided, in part, as follows:

"[7.] That the parties hereto have previously divided the marital assets and properties between them and that such division is fair and equitable."

Respondent was ordered to pay $300-per-month maintenance to petitioner. Although respondent was 65 years old and retired from the United States Air Force at the time of the order, no specific mention was made of respondent's pension.

On May 19, 1983, petitioner filed a petition for division of pension. The petition asked for an award of the pension based on the "Uniformed Services Former Spouses' Protection Act" (10 U.S.C.A §1408 (West 1983)). On October 6, 1983, respondent filed a motion to dismiss which stated that the previous order of separate maintenance

had approved a property settlement. The motion also suggested petitioner's cause of action was one for separate maintenance, and that division of property, in the absence of mutual agreement, could only be effected in a dissolution action. The court granted respondent's motion to dismiss on January 3, 1984.

The petitioner's motion to reconsider was unsuccessful; the trial court held that the order of June 1979 was a final and appealable order, and further consideration of the division of marital property was barred under the principles of *res judicata*. This order was by docket entry on June 25, 1984.

On July 10, 1985, petitioner filed a petition to modify her maintenance. Respondent filed a counterpetition for dissolution of marriage on August 22, 1986. The counterpetition alleged the property interests had been divided by the June 1979 order. In her answer, petitioner gave the following response:

"[6.] She admits a certain division of property between the parties and further admits a priority regarding payments by Archie Lipkin to Dorothy Lipkin but specifically denies there has been a complete division of property and final determination of maintenance pursuant to a decree of dissolution of marriage. Specifically, the property rights of Dorothy Lipkin and the pension of Archie Lipkin have not previously been determined by this Court and should be determined as part of any dissolution of marriage proceeding herein."

The marriage was dissolved October 28, 1986.

The judgment reserved for future consideration any matters concerning division of property or maintenance which had been left unresolved by the June 1979 order.

The supplemental judgment of dissolution resolved the remaining issues. As to marital property, the court found as follows:

"[1.] That the parties heretofore divided and disposed of their assets between them, which agreement was made part of an original Order of Separate Maintenance entered by this Court in the above entitled cause, and that said division and distribution of assets is approved by this Court and confirmed.

\* \* \*

[4.] That the Court has previously ruled upon the military pension received by the Counter-Petitioner, Archie Lipkin, and has ruled that the Counter-Respondent, Dorothy Lipkin, is not entitled to receive any part of that pension under any order for division of property, nor is the said Counter-Respondent entitled to any part of the property of the Counter-Petitioner ac-

quired since the entry of the Order of Separate Maintenance in 1979."

Following an unsuccessful motion to reconsider, the petitioner perfected this appeal.

Petitioner advances three arguments to support her contention that the trial court should have divided respondent's military pension: (1) the order of June 11, 1979, did not bar the apportionment of the pension in the dissolution proceedings; (2) jurisdiction to consider the issue was reconferred on the trial court by the doctrine of revestment; and (3) public policy requires the apportionment.

Since the October 1, 1977, effective date of the Illinois Marriage and Dissolution of Marriage Act (the Act) (Ill. Rev. Stat. 1985, ch. 40, par. 101 *et seq.*), the courts of this State have recognized that pensions and retirement plans are to be considered as marital property to the extent the benefits were "acquired" during the marriage. (*In re Marriage of Pieper* (1979), 79 Ill. App. 3d 835, 840, 398 N.E.2d 868, 871-72; *In re Marriage of Hunt* (1979), 78 Ill. App. 3d 653, 658-59, 397 N.E.2d 511, 516.) At the time of the order for separate maintenance, it was thought that military pensions were also subject to disposition as marital property. (See *In re Marriage of Musser* (1979), 70 Ill. App. 3d 706, 709, 388 N.E.2d 1289, 1291.) The Supreme Court, however, determined that State courts were prohibited from dividing military pensions in dissolution actions. (*McCarty v. McCarty* (1981), 453 U.S. 210, 235-36, 69 L. Ed. 2d 589, 608, 101 S. Ct. 2728, 2742-43.) Our supreme court followed the *McCarty* decision:

> "[R]etired pay of military personnel is a personal entitlement and *** Federal law precludes a State court from dividing military nondisability retired pay pursuant to State law." (*In re Marriage of Musser* (1981), 87 Ill. 2d 68, 70, 429 N.E.2d 530, 531.)

Shortly after these decisions, Congress and the President of the United States acted to reverse their effect through the enactment of the "Uniformed Services Former Spouses' Protection Act" (10 U.S.C.A. §1408 (West 1983)). This legislation, made retroactive to June 25, 1981, allows a military pension to be apportioned as marital property in a dissolution action. See Ill. Ann. Stat., ch. 40, par. 503, Supplement to Historical and Practice Notes, at 47-48 (Smith-Hurd Supp. 1987).

■ Section 503(d) of the Act (Ill. Rev. Stat. 1985, ch. 40, par. 503(d)) is the only statutory provision which authorizes the trial court to divide the assets of a marriage. It provides for disposition of property pursuant to a dissolution proceeding or an action to declare a

marriage invalid. (Ill. Rev. Stat. 1985, ch. 40, par. 503(d).) Therefore, under normal circumstances, a court does not have jurisdiction to dispose of property in a proceeding for legal separation. (Compare Ill. Rev. Stat. 1985, ch. 40, par. 503(d) ("In a proceeding for dissolution of marriage or declaration of invalidity of marriage *** the court shall assign each spouse's nonmarital property *** [and] shall divide the marital property") with Ill. Rev. Stat. 1985, ch. 40, par. 504(a) ("In a proceeding for dissolution of marriage *or legal separation* or declaration of invalidity of marriage *** the court may grant a maintenance order ***").) (Emphasis added.) Prior to the enactment of the Act, our courts recognized an exception to this lack of jurisdiction for property submitted for disposition by agreement of the parties. (*Shapiro v. Shapiro* (1969), 113 Ill. App. 2d 374, 382, 252 N.E.2d 93, 97.) One other decision makes this exception specifically applicable to the Act. (*In re Marriage of Leff* (1986), 148 Ill. App. 3d 792, 797-800, 499 N.E.2d 1042, 1046-48.) In light of the policy expressed in section 502 of the Act (Ill. Rev. Stat. 1985, ch. 40, par. 502), which encourages amicable settlements in regard to the various issues involved in a dissolution, we agree that the exception discussed in *Shapiro* applies to the Act.

Having set forth the background, we now turn to petitioner's arguments.

Petitioner argues the trial court misapplied the doctrine of *res judicata* to the matter of respondent's pension. Petitioner argues that military pensions were not subject to division at the time of the order of June 1979. Therefore, continues petitioner, the property submitted for disposition in the legal separation proceeding did not include respondent's pension. Petitioner errs in several respects.

■ As we have already explained, our courts followed the policy that pensions, including military pensions, were subject to disposition as marital property until the *McCarty* decision in 1981. (See *In re Marriage of Musser* (1979), 70 Ill. App. 3d 706, 709, 388 N.E.2d 1289, 1291.) At the time of the order of legal separation, respondent's pension would have been considered by the court as marital property. Even had the pension not been considered as marital property and subject to apportionment, it would certainly have been considered as a relevant factor in a "fair and equitable" division of marital property. Section 503(c) of the Act (Ill. Rev. Stat. 1977, ch. 40, par. 503(c)) states that the court should contemplate several factors in disposing of marital property, including:

> "(2) the value of the property set apart to each spouse;
> ***

(4) the relevant economic circumstances of each spouse \*\*\*;

\* \* \*

(7) the \*\*\* amount and sources of income \*\*\* of each of the parties.''

Whether the pension was marital property or not, it should have been considered by the parties when they submitted their property to the court's jurisdiction. We hold that the pension was subject to the court's order of June 1979.

■ Moreover, the order was a final disposition of the property rights. A judgment for legal separation is final when entered and subject to the right of appeal. (Ill. Rev. Stat. 1977, ch. 40, par. 413.) The trial court was required to consider the property settlement, incorporated in the 1979 order, barred from further consideration under the principles of *res judicata.*

■ ■ Petitioner next contends that the pension issue was properly before the trial court under the doctrine of revestment. The doctrine of revestment allows litigants to revest a court, which has general jurisdiction over the matter, with both personal and subject matter jurisdiction over the particular cause after the 30-day period following final judgment during which post-judgment motions must ordinarily be filed. (*People v. Kaeding* (1983), 98 Ill. 2d 237, 240, 456 N.E.2d 11, 14.) However, ''[i]n order for the rule to apply, the parties must actively participate without objection in proceedings which are inconsistent with the merits of the prior judgment.'' (98 Ill. 2d at 241, 456 N.E.2d at 14.) We do not agree with petitioner's analysis of the litigation. Since respondent filed his motion to dismiss on October 6, 1983, he has continuously taken the position that the pension rights were determined, with finality, in the order of June 1979. The court's order of June 1984, denying petitioner's motion for reconsideration, specifically stated the *res judicata* effect of the 1979 order. Under the facts before us, the doctrine of revestment does not apply.

■ Finally, petitioner argues the agreement should be set aside, or modified, because of public policy considerations. Generally, the provisions as to property dispositions may not be modified. (See Ill. Rev. Stat. 1985, ch. 40, par. 510.) A settlement agreement will be set aside and vacated if procured by fraud, coercion, or if contrary to any rule of law, public policy, or morals. (*Crawford v. Crawford* (1976), 39 Ill. App. 3d 457, 461, 350 N.E.2d 103, 107.) Petitioner argues the enactment of the ''Uniformed Services Former Spouses' Protection Act'' represents a public policy which should be followed in this case by the apportionment of respondent's pension. However, as we have already noted, at the time of the property settlement in 1979, the

courts allowed for the possibility that a military pension could be apportioned. The property settlement was not in violation of existing public policy.

Moreover, we find the petitioner's request is not timely. There are two methods of attacking a final judgment. One can appeal under the provisions of Supreme Court Rule 303 (107 Ill. 2d R. 303). In *Crawford*, the matter was taken to the reviewing court in this fashion. The second method is by motion pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401), formerly section 72 of the Civil Practice Act. Such a motion must be filed within two years after entry of the original order. (See Ill. Ann. Stat., ch. 40, par. 510, Historical and Practice Notes, at 700 (Smith-Hurd 1980).) Petitioner seeks, in this appeal, to modify a nonmodifiable order entered eight years ago. The public policy argument is not timely.

For the reasons stated above, the judgment of the circuit court of Champaign county is affirmed.

Affirmed.

GREEN, P.J., and KNECHT, J., concur.