[No. D006126. Fourth Dist., Div. One. Feb. 23, 1988.]

In re the Marriage of BONNIE BELL and HAROLD CLIFTON GRAVES.
HAROLD CLIFTON GRAVES, Appellant, v.
BONNIE BELL GRAVES, Respondent.

■■■■■■■■
■■■■■■■■

COUNSEL

James A. Hutchens for Appellant.

Bauer & Schultz and Jack M. Sleeth, Jr., for Respondent.

OPINION

**BUTLER, Acting P. J.**—Married in 1954, Harold Clifton Graves and Bonnie Bell Graves separated in 1970. Harold was in the Navy at the time of the marriage and retired in 1967 with 20 years of service. His retirement pension was used in the support of the family. The interlocutory and final decrees and a stipulated modification of the final did not refer to the military pension which was not included in the final or later modifications as a community asset. Both parties remarried. Harold continued to be paid the entirety of the pension.

December 5, 1986, some 16 years after the entry of the final decree, Bonnie filed a motion for an order to show cause to divide the pension, citing Civil Code[1] section 4800.4 as authority for the division in the family court instead of filing a separate action in partition under *Henn v. Henn* (1980) 26 Cal.3d 323 [161 Cal.Rptr. 502, 605 P.2d 10]. Harold filed a "Special Appearance Opposing Motion to Divide Military Pension" as well as a responsive declaration to the show cause order contending inapplicability of section 4800.4 with resultant inability to plead affirmative equitable defenses including laches, equitable estoppel and unjust enrichment available in a *Henn* proceeding. Harold also contended the court lacked jurisdiction to modify the decree long since final.

The court concluded section 4800.4 authorized the proceeding to divide the pension, continued the hearing to afford Harold the opportunity to raise *Henn* defenses and awarded Bonnie .3271 percent of the pension payable from and after the date of filing of the motion for division. Bonnie did not ask for and the court did not award to her any retroactive interest in the pension.

Harold appeals. We reverse.

I

■ Harold does not contend the pension was not a community asset. The record is clear the pension was not mentioned in the dissolution

---

[1] All statutory references are to the Civil Code unless otherwise specified.

pleadings or in any of the decrees adjudicating and dividing the community property of the parties. Such unmentioned community property is held postdissolution by the parties as tenants in common. Neither the doctrine of res judicata nor a failure to resolve jurisdiction bars a subsequent action for partition of the missed community asset. (*Henn v. Henn, supra,* 26 Cal.3d 323, 329-332; *Brunson v. Brunson* (1985) 168 Cal.App.3d 786, 788 [214 Cal.Rptr. 378]; *Bowman v. Bowman* (1985) 171 Cal.App.3d 148, 160 [217 Cal.Rptr. 174]; Cal. Practice Guide: Family Law (The Rutter Group 1987).) Bonnie sought division of the pension under section 4800.4 and the court concluded that section authorized the division. We disagree.

▉ *Henn* categorically holds claims such as Bonnie's "may only be adjudicated in a separate action." (*Id.* at p. 332.) There, the previous denial of the wife's order to show cause for division of a pension omitted from the dissolution decree did not bar the later action for division. We inquire whether section 4800.4 abrogates that rule and conclude it does not.

▉ Section 4800.4[2] was enacted by Statutes 1985, chapter 362, section 3. The Legislative Committee Comment—Senate, 1985 Addition, remarks: "Section 4800.4 reverses the rule that the court in a dissolution or separation proceeding has no jurisdiction over property of the parties other than community or quasi-community property. [Citations.] Section 4800.4 supplements provisions governing community property held in joint tenancy form by extending the jurisdiction of the court to separate property held in joint tenancy form as well. It is consistent with the general rule that the court has jurisdiction to settle the property rights of the parties and with the principle that the court has jurisdiction to settle matters submitted to it by the parties. [Citations.] It is also consistent with the rule that the court may reserve jurisdiction to divide community property that has become tenancy in common by operation of law upon dissolution or separation. [Citations.]

" . . . . . . . . . . . . . . . . . . . . .

"Under subdivision (b), the rule that separate joint tenancy and tenancy in common property may be divided in a community and quasi-community property division proceeding applies only to proceedings commenced on or after January 1, 1986.

---

[2] *Civil Code section 4800.4 states:* "(a) In a proceeding for division of the community property and the quasi-community property, the court has jurisdiction, at the request of either party, to divide the separate property interests of the parties in real and personal property, wherever situated and whenever acquired, held by the parties as joint tenants or tenants in common. The property shall be divided together with, and in accordance with the same procedure for and limitations on, division of community property and quasi-community property. [¶] (b) This section applies to proceedings commenced on or after January 1, 1986, regardless of whether the property was acquired before, on, or after January 1, 1986."

"It should be noted that division of property pursuant to this section is subject to the same limitations applicable to division of community property. Therefore, an express agreement of the parties precluding partition or other division of the property and providing a mechanism for dispute resolution or otherwise governing their rights in the property prevails over this section. See Section 4800 (division of community property 'except upon written agreement of the parties')."

We read section 4800.4 in the light of the committee comments, i.e., in proceedings for division of community property, the court is granted jurisdiction to divide separate property interests of the parties. Section 4800.4 is not a grant of jurisdiction to divide community property. Section 4800.4 simply confers jurisdiction upon the court to divide separate property of the parties when the community estate is divided.

## II

As we have seen, the court continued the hearing to afford Harold the opportunity to raise *Henn* defenses. Harold responded with a declaration including these statements: "6. Following the entry of the final judgment and the modification relative to child custody and child support, I continued to receive the proceeds of the pension, and there has never been a question that I was entitled to receive them raised by Respondent or her attorneys.

"7. Following entry of the final judgment, I have remarried, and my current monthly budget is based on my receipt of the entire proceeds of my military pension.

"8. I am informed and believe, and therefore assert, that the Respondent is aware of this, and was aware of it at all times relevant to this matter, including, but not limited to, my marriage to Respondent, and following entry of the final judgment.

"9. As my monthly expenses have, for a period of some sixteen years, been based on my receipt of the entire pension, to lose a portion of it at this time would obviously work an economic hardship on me.

"10. I have committed myself to long-term financial obligations, and have based my retirement plans on receipt of the entire amount of my pension. I am informed and believe, and therefore assert, that Respondent is aware of these facts, and has been aware of them during my marriage to Respondent, and during the sixteen years following entry of the final judgment."

His responding points and authorities raised the defenses of laches, equitable estoppel, and the statute of limitations. Harold continued to object to the matter being heard under section 4800.4 and argued the issue should be dealt with in a separate action. Harold argued at the continued hearing the *Henn* defenses raised in his points and authorities. In its decision letter, the court explained why it deemed section 4800.4 applicable: "No statement of decision was requested by either counsel; however, the Court feels it should explain that it is of the opinion that the purpose of Section 4800.4 was to save married persons the additional cost of filing multiple actions when they jointly held separate properties together, and furthermore that the terminology of 4800.4(b), 'proceedings commenced on or after January 1, 1986' included a motion filed after January 1, 1986, although the underlying action had been filed before January 1, 1986."

We, too, are mindful of the need to bring speedily before the court at minimum expense to the parties the resolution of the division of omitted assets in dissolution proceedings. Here, arguably Harold had the opportunity to and did present evidence concerning his defenses and arguments. The separate proceeding mandated by *Henn* may have reached the result produced at this show cause hearing. The parties doubtless would have incurred additional expense and waited in line for the separate proceeding to be heard. Conceding the requirement for a separate action may be superfluous on this record, nevertheless, Harold's objections to the show cause procedure stand. *Henn* mandates a separate civil action. Section 4800.4 does not abrogate *Henn* and does not authorize a show cause hearing for division of an omitted community asset.

Judgment reversed.

Benke, J., and Thaxton, J.,* concurred.

---

* Assigned by the Chairperson of the Judicial Council.