LEO DICKIE BUHRMANN, APPELLANT, V. LOMA JUNE BUHRMANN, APPELLEE.

438 N.W.2d 481

Filed April 21, 1989.   No. 87-362.

Tad D. Eickman, of Steinacher, Vosoba & Hanson, for appellant.

Elaine A. Waggoner, of Waggoner Law Office, for appellee.

BOSLAUGH, SHANAHAN, and GRANT, JJ., and KNAPP and ROWLANDS, D. JJ.

ROWLANDS, D.J.

This case arises out of a declaratory judgment action commenced by the appellant, Leo Dickie Buhrmann, in April of 1986. In his petition, Leo alleged that he was the sole owner of certain improvements on land leased from the Board of Educational Lands and Funds of the State of Nebraska (Board). Leo further asserted that he and his former wife, Loma June Buhrmann, were divorced on September 27, 1978, in the district court for Lancaster County, Nebraska, and that it was his understanding the leasehold improvements were awarded to him.

Loma answered and claimed that she and Leo were each the owners of one-half the improvements pursuant to the educational land lease which became effective January 1, 1974; that the ownership of these improvements was not mentioned in the decree of dissolution or in the property settlement agreement which was signed by the parties; and that she was entitled to one-half the value thereof.

The district court found in favor of Loma and held that each party owned a one-half interest in the improvements, with a total value of $7,950. Leo was ordered to pay Loma $3,975 within 60 days, or if he did not and the Board assigned the lease to a third party, the parties would equally divide the sum received for the improvements from the new tenant.

We have reviewed the matter as required by *OB-GYN v. Blue Cross*, 219 Neb. 199, 361 N.W.2d 550 (1985). A declaratory judgment action is sui generis and may involve both questions of law and equity. Insofar as fact questions are concerned in a declaratory judgment action, those issues are tried and determined as in other civil cases. Neb. Rev. Stat. § 25-21,157 (Reissue 1985). With regard to questions of law, we have the obligation to reach independent conclusions with respect to those questions. Equity issues are reviewed de novo on the record.

We find that the judgment is correct in all respects and should be affirmed.

The parties were married on June 30, 1944, and they resided together until Loma filed an action to dissolve their marriage on May 24, 1978, in the Lancaster County District Court. Leo was engaged in farming, and Loma was the primary caretaker in the raising of three children born during the marriage.

In 1950 or 1951, the couple moved into a dilapidated farmhouse on land owned by the Board which was leased to Leo's father. The parties expended considerable money and labor in making the home habitable, even to the extent of installing indoor plumbing during the early 1970s.

The lease was transferred to Leo in 1960, and on December 10, 1973, a new 12-year lease was executed, to become effective January 1, 1974. Leo and Loma were named in that lease as joint tenants with rights of survivorship.

On September 27, 1978, a decree of dissolution was entered approving a settlement agreement signed by the parties. Leo was awarded all real property and farm machinery. Each party received an automobile. Loma received all household furnishings and appliances that she wished to remove from the family home. Finally, the settlement agreement provided in paragraph 7: "Respondent agrees to pay petitioner the sum of

$15,000.00 in lieu of alimony as petitioner's share in the real property and machinery jointly owned by the parties, said sum to be paid in full within five years from date hereof." The judgment was paid in full with interest after a contempt proceeding was filed against Leo. The decree and settlement agreement were completely silent on the issue of the school lease and the home of the parties located thereon, and there was no residuary clause assigning property not specifically described.

On May 27, 1982, Loma filed a petition for an accounting, in Lancaster County District Court, alleging that she and Leo had formed a partnership in 1973 to farm certain lands which were leased by Leo and Loma and located in Lancaster County. Loma prayed for her share of undistributed profits, which she claimed were in excess of $10,000.

Leo denied the existence of the partnership and answered that the decree of dissolution barred the action for accounting as res judicata.

Trial was held on November 23, 1983. After Loma presented her case, the district court sustained Leo's motion to dismiss and found that

the Defendant's Motion should be granted because the Plaintiff has failed to sustain her burden of proof regarding the existence of the partnership and whether said alleged parnership [sic] made any profit during the period it allegedly existed as set out in the Petition. The Court also finds that Plaintiff is estopped by application of the doctrine of res judicata from alleging the existence of this partnership because it is a matter which could have been litigated by the parties at the time of their divorce proceedings in 1978.

Neither party appealed from this decision.

Between 1978 and 1985, Leo made all the rental payments on the school land, and he received all of the income generated by the property.

On December 31, 1985, the joint lease expired. The Board notified the parties that the improvements would be appraised and the lease put up for bids. The value of the house was appraised at $7,950. Leo was the high bidder but was informed by the Board that before a new lease could be executed, he

would have to pay to the treasurer of Lancaster County the sum of $7,950 to be distributed one-half to Loma and one-half to himself.

Leo initially filed a motion for order nunc pro tunc in the dissolution action, asking the district court to amend the decree to provide that all the improvements located on the leased school land were his property. Although the record is unclear, counsel stated during oral arguments that this motion was summarily overruled. The district court was correct in this decision based upon our decision in *Neujahr v. Neujahr*, 223 Neb. 722, 393 N.W.2d 47 (1986), which held that what a decree, after it becomes final, means as a matter of law is determined from the four corners of the decree.

This action by Leo for declaratory relief was immediately filed after the motion for order nunc pro tunc was denied. Where there is a genuine controversy between the parties as to the meaning of language in a decree of dissolution, and the appeal period has passed, a proper method to resolve the controversy is by a separate action for declaratory relief. See, *Neujahr, supra*; *Black v. Sioux City Foundry Co.*, 224 Neb. 824, 401 N.W.2d 679 (1987).

It appears in most jurisdictions that a decree of dissolution which does not contain a complete adjudication of property rights of the parties does not operate as an absolute bar to the maintenance of an independent action by either of the parties involving such rights. Annot., 32 A.L.R.2d 11451 (1953); 27C C.J.S. *Divorce* § 765 (1986); 24 Am. Jur. 2d *Divorce and Separation* § 957 (1983). As stated in 27A C.J.S. *Divorce* § 264 at 606-08 (1986):

A valid judgment or decree in a divorce suit is conclusive in any future action between the parties as to all the facts directly in issue and actually or necessarily determined therein. The judgment in such case operates by way of an estoppel and not by way of a bar.

The statement is frequently made that a judgment in a divorce proceeding is conclusive upon the parties as to all matters that were, or might have been, litigated in that action; and such is the rule where the subsequent suit is upon the same or substantially the same cause of action.

. . .

In so far, however, as the subsequent suit is on a different cause, the prior judgment is generally held conclusive only as to matters which were in issue and actually adjudicated or as to matters which were in issue and necessarily adjudicated, and is not conclusive as to questions which might have been but were not litigated in the original action. . . .

The burden of proving that a particular issue was tried and determined or necessarily involved in the prior action rests on the party asserting that it was.

Although decided in a community property state, the decision of *Thompson v. Thompson*, 500 S.W.2d 203 (Tex. Civ. App. 1973), presents issues similar to those in this proceeding. In *Thompson*, a detailed property settlement agreement was executed which contained an itemization and description of various pieces of property. The agreement did not contain a residuary clause to dispose of property not specifically described therein. After entry of the divorce decree, the wife discovered the existence of two joint venture projects owned by her ex-husband during the marriage. She took no action to set the divorce decree aside but instituted suit to partition the property interests in the two joint ventures. The husband took the position that the property rights were disposed of in the divorce, and the action was barred as res judicata. The court in *Thompson* held:

We conclude that the divorce decree does not constitute an adjudication or disposition of the community property interest in the two joint venture projects known as Cloverleaf and Mapleleaf Apartments. Such property was not brought within the jurisdiction of the divorce court so that it cannot be said that such divorce decree amounts to a bar against bringing the subsequent action. . . . "If the decree does not consider the property rights of the parties, they are unaffected by it and may be asserted anywhere and any time the occasion may arise. . . . It is res judicata as to the property awarded. But the decree is binding only with reference to such property as is brought within the jurisdiction of the court and the scope of its adjudication.

If property was omitted from such consideration by either, it might authorize the opening of the decree as to the property, or a separate suit with reference to it, as the divorce judgment could not be an adjudication of their rights in property not considered by the court."
(Citations omitted.) 500 S.W.2d at 208-09.

Since the issue of the house located on the leased land was not placed in issue by either party or adjudicated by the district court in 1978, it was a proper subject for determination in the declaratory judgment action. The trial judge found that Loma was the owner of a one-half interest in the improvements, and his decision is clearly supported by the evidence adduced at trial. The judgment of the district court is therefore affirmed.

Our review of the record convinces us that each party was equally culpable in not bringing this matter to the attention of the district judge in 1978. Leo acknowledged that the lease was renewed in their joint names in 1974 for ease of inheritance if something happened to him. Loma admitted the lease was disclosed to her former attorney: "It was mentioned as we were trying to sort things out."

The request of the appellee for attorney fees is therefore denied. Costs are taxed to the appellant.

AFFIRMED.