**Gerald HAMILTON, Petitioner,**

v.

**Jacqueline HAMILTON, Respondent.**

Family Court of Delaware,
New Castle County.

Submitted: Oct. 5, 1990.
Decided: Nov. 20, 1990.

Sheryl Rush–Milstead, Wilmington, for petitioner.

Bernard J. McFadden, Wilmington, for respondent.

## OPINION

WAKEFIELD, Judge.

This is the Court's decision with respect to a Petition for Partition of real property under the provisions of 10 *Del.C.* § 921(14). The matter was heard by the Court on September 21, 1990 followed by written memoranda on October 4 and October 5, 1990.

The parties were married in 1965. On January 19, 1972, they purchased real property known as 2811 N. Harrison Street, Wilmington, Delaware as tenants by the entireties. The property served as the marital home until the parties separated in late 1976 or early 1977 when Petitioner (herein "Husband") vacated the residence. They were divorced on September 29, 1977, but neither party requested that jurisdiction be retained by Family Court to divide

the marital estate. Indeed, the Respondent (herein "Wife") never entered an appearance in the divorce proceeding. Neither was there any written agreement between the parties regarding disposition of the property at the time of divorce. Since the divorce, the Wife has continued to occupy the home along with the couple's two minor daughters and her minor child from a previous relationship.

On February 26, 1990, Husband filed a partition action in the Court of Chancery. This Petition was transferred by Chancery to this Court for lack of subject matter jurisdiction. The present Family Court action was thereafter filed on April 26, 1990. While the Court of Chancery formerly had jurisdiction to hear *all* partition proceedings, the General Assembly divested Chancery of jurisdiction over partition actions between former spouses with the passage of 67 Del.Laws, c. 89. The bill, which added subsection (14) to 10 *Del.C.* § 921, vested authority in the Family Court to hear:

> Petitions by persons formerly married to each other seeking an interest in or disposition of jointly titled real property, acquired during the marriage where such property was not disposed of a) by agreement of the parties, or b) by virtue of ancillary proceedings pursuant to 13 *Del.C.* § 1513.

It is clear, however, that the General Assembly did not intend for the former marital property to be divided as if it were simply a late-filed ancillary proceeding because the remaining language of the statute provided the following guidelines:

> In dividing said property, the Family Court *shall apply equitable principles* unless there is a written agreement signed by the parties regarding the disposition of said property. Unless there is a written agreement signed by the parties, the Family Court *shall not consider the factors enumerated in 13 Del.C. § 1513.* (Emphasis added)

1. The statute in question was not directly in issue in the *Sanders* case as it was enacted subsequent to the events which gave rise to that particular dispute. However, the Supreme

The Wife argues that the General Assembly's prohibition against considering the factors listed in § 1513 is not really a prohibition at all, but rather an invitation to consider *all* equitable principles, which would necessarily include those enumerated in § 1513. The Court is not persuaded by Respondent's argument. The prohibition against considering § 1513 factors in dividing the former marital property in a partition action is clearly stated in the statute and is unambiguous. It must stand for what it says.

Furthermore, the issue was addressed by the General Assembly prior to enactment of the law. As originally drafted, Senate Bill 106 stated, in pertinent part, "Said property shall be divided as heretofore by the Court of Chancery ...". However, the original bill was amended to delete reference to "the Court of Chancery" and to substitute the language which is currently embodied in the law directing the Court to "apply equitable principles". The Synopsis attached to Senate Amendment No. 1, which changed the language from "said property shall be divided as heretofore by the Court of Chancery" to "shall apply equitable principles", stated "This amendment makes it clear that Family Court will apply the same legal principles to partition as had been applied by the Court of Chancery." Synopsis to Senate Amendment No. 1 to Del.S.B. 106, 135th Gen.Assemb. (1989)

The Supreme Court of Delaware has also peripherally addressed the question. In *Sanders v. Sanders*, Del.Supr., 570 A.2d 1189 (1990), the Court stated that the Family Court's authority under 10 *Del.C.* § 921(14) would be to divide jointly titled real property, "but *only as in a partition proceeding.*" [1] (Emphasis added) Clearly, then, the factors enumerated in § 1513 of Title 13 are not proper considerations in a partition action under the statute. Instead, the "equitable principles" utilized by the Court of Chancery are to be applied.

Court in *Sanders* did briefly address the scope and nature of the power granted Family Court by the new law.

■ Property law, tempered by the principles of equity, controls the outcome of the case at bar. It is settled law in Delaware that, upon issuance of a divorce decree, property held by married persons as tenants by the entireties is converted to property held as tenants in common. *In re the Real Estate of Joseph M. Hughes and Janet S. Hughes*, Del.Ch., C.M. No. 4349, Brown, Ch. (May 15, 1984) citing *Townsend v. Townsend*, Del.Super., 168 A. 67 (1933); *Mitchell v. Wilmington Trust Co.*, Del.Ch., 449 A.2d 1055 (1982). Thus, the instant the divorce decree becomes final, the former spouses become owners of undivided one-half interests in the property.[2] *Hughes, supra*, at 1; also *Cravero v. Holleger*, Del. Ch., 566 A.2d 8, 13 n. 4 (1989).

■ After conversion to a tenancy in common, under the practice of the Court of Chancery, either party had the statutory right to seek partition of the property. *Hughes, supra*, at 6. *See also, In the Matter of the Real Estate of Fitzsimmons*, Del.Ch., C.M. No. 3196, Brown, V.C., 1978 WL 4480 (February 15, 1978). In short, Chancery looked to the statutory law in partition proceedings, specifically 25 *Del.C.* C. 7. The primary thrust of partition is, as the word suggests, the division of a parcel of real estate in kind among co-owners so that each will own his/her own separate aliquot share of the whole. But where a parcel cannot be so divided in kind, the statute provides that the property be sold at a public sale and that the sale proceeds be divided among the joint owners according to their respective shares. 25 *Del.C.* § 729; *Hughes, supra* at 6.

■ The general rule holds that when a Petition for Partition is brought by a co-tenant under the statute cited above, the right of the co-tenant to partition is almost absolute, since the right is an incident of common ownership. *Hughes, supra*, at 6; 68 C.J.S. Partition § 21. However, all partition petitions are not necessarily granted immediately upon application. 25 *Del.C.* § 721(b) gives an aggrieved party in a partition action the opportunity to show cause why the requested partition should not be granted. Furthermore, it is clear that the broad equitable powers of the Court of Chancery may be involved in partition proceedings upon proper showing. 25 *Del.C.* § 721; *Holladay v. Flinn*, Del.Ch., 149 A. 307 (1929). Partition actions appear to be subject to some equitable defenses even though the statute itself does not spell them out. *In the Matter of the Real Estate of Rudolph v. Black and Billie Black*, Del.Ch., C.M. No. 3735, Berger, V.C., 1984 WL 21870 (June 19, 1984). Where the equities warrant, Chancery has the power to deny partition to one former spouse on the condition that the other pay a sum certain for the Petitioner's interest in the property. *Cataldi v. Coates*, Del.Ch., C.M. No. 2962, Hartnett, V.C., 1977 WL 5975 (February 24, 1977); *Olwenik v. Olwenik*, Del.Ch., C.M. No. 2193B, Duffy, Ch. (March 28, 1973); *Hughes, supra*, at 6–7. But Chancery has warned that this discretionary power to deny partition should be invoked sparingly and only in extraordinary circumstances. *Hughes, supra*, at 7.

In *Cataldi, supra*, the Court of Chancery denied partition to a former spouse and required her to accept a cash payment representing her interest in the former marital property. The facts in that case were somewhat unique in that the Respondent, together with his new wife, had substantially changed the character of the property be converting the former marital property into a nursing care center which they operated together. While the Court deemed the Respondent's affirmative defenses to be without merit, it nonetheless invoked equitable principles to deny the partition demand, contingent upon payment to Petitioner of a sum of money equal to the former wife's interest in the property as of the time of the divorce. But in later commenting on the result reached by the

---

**2.** Obviously, if the Court at the time of the divorce decree reserves jurisdiction to grant ancillary relief, the property remains subject to equitable distribution by the Court pursuant to 13 *Del.C.* § 1513. But no such request for reservation of jurisdiction was made at the time of the divorce in this case and, hence, title to the property has been held as tenants in common since the date of divorce.

Court in *Cataldi*, the Chancellor, in *Hughes* opined that, although the Court in *Cataldi* appeared to apply equitable principles, it had actually made a settlement recommendation to the partner rather than mandating a result. *See Hughes, supra,* at 4. Similarly, the Court, in *Hughes* distinguished the prior holding in *Olwenik* on grounds that "the petitioner there came into court with unclean hands." *Hughes, supra,* at 4. Among other things, the Chancellor may have been referring to the failure of Petitioner to pay child support. See *Strickler v. Meldrum,* Del.Ch., C.M. No. 2398, Brown, V.C., 1975 WL 4179 (June 10, 1975). If that is a legitimate point of distinction, it should be noted that Husband in the case at bar testified that he *did* pay child support.

*Derby v. Derby,* Del.Fam., File G–747, Parrish, J., 1990 WL 143877 (July 26, 1990) is the only case cited by either party which has been decided by this Court under 10 *Del.C.* § 921(14). In *Derby,* this Court was asked to partition a former marital home. The facts of that case were also unique in that the Petitioner, under threat of bankruptcy, petitioned for partition in the apparent hope of raising capital for himself. The property had little or no value according to the Court. But, based on Petitioner's own conduct, the Court concluded that the equities not only required denial of the partition request but also an order requiring *Petitioner* to transfer all of his interest in the property to his former spouse. The result reached in *Derby* is inapposite under the facts of this case and must be limited to the unique factual circumstances set forth therein. Again, it appears that the unclean hands of the Petitioner dictated the result. The case at bar presents no such extraordinary facts.

The *Hughes* case cited above also points up with considerable clarity the sharp difference between the standards to be applied in a partition proceeding and those in a property division case where the Court exercises equitable jurisdiction incident to a divorce. There the Chancellor stated:

> She is now asking that the Court, in lieu of granting partition, determine the equity in the property to which the petitioner is entitled and require him to accept payment from her in that amount rather than ordering the property to be sold.

This approach has obvious drawbacks. For one thing it would require that the Court first determine a fair market value for the property. For the Court to do this, it would require a hearing and the taking of evidence. Next the Court would have to determine the respective equities of the parties in the property. This also would require the taking of evidence. It would also open the door to an examination of the relationship between the parties during and following their marriage. In short, it would amount to a property division hearing such as that which is normally ancillary to a divorce proceeding. Such is not the function of this Court.

The parties came before this Court as tenants in common, and not as husband and wife. As tenants in common either of them has a right to seek partition pursuant to 25 *Del.C.* § 721. The statute provides that where partition requires a sale of the land as opposed to a division in kind, the rights of the parties in interest shall transfer to the proceeds of the sale.

\* \* \* \* \* \*

There may be exceptional cases wherein this Court may feel it appropriate to exercise its discretion and to deny the right of partition contingent upon the respondent paying the petitioner a sum certain. In my view, however, this is a dangerous practice to get into in view of the rights given by statute. It is an equitable approach that should be used sparingly, and only in extreme cases.

 In the case at bar, the Court has admitted evidence on the value of the property, on the relationships of the parties and other evidence bearing on the equities involved. Under *Hughes,* this evidence probably would not have been admitted. However, while partition and sale of the former marital home in this case will undoubtedly cause the Wife considerable inconvenience, and possibly pecuniary loss, such considera-

tions are generally not sufficient to defeat Husband's statutory right of partition. *See Branca v. Branca,* Del.Ch., C.A. 5804, Hartnett, V.C., 1981 WL 15472 (May 19, 1981); *Fitzsimmons, supra,* at 1; 68 C.J.S. Partition § 48. Husband's right to enjoy the full benefits of his undivided one-half interest in the property must be given equal consideration. The Court does not discern any equitable defense to this Petition for Partition. The Wife has enjoyed sole occupancy of the property for the past 15 years. She received the benefit of the low mortgage payments without having to account to Husband in any way for her use and occupancy of the property. Although Husband owned one-half of the property, he voluntarily removed himself from the premises. He consented to or acquiesced in the Wife's sole occupation of the house even though there was never a formal agreement. While he did not contribute his share of the mortgage, neither did he request the fair rental value of the property from Wife while he was out of possession. Furthermore, the Wife deducted the mortgage interest on her income tax returns.[3] Considering all of the foregoing factors, the Court concludes that a partition sale must be ordered.

■ Wife has requested that, in the event the partition is granted, she first receive compensation from the sale proceeds for necessary repairs and improvements made to the property while she was the occupying tenant. The Court has jurisdiction to determine the issue of compensation to a co-tenant for improvements on the property sought to be partitioned. *Wilson v. Lank,* Del.Ch., 10. A. 772 (1919). The right to receive compensation for improvements made to the property is a right resting on equitable principles, enforceable by a court of equity. 68 C.J.S. Partition § 139; *see also Manning,* infra note 3. Any award of compensation for improvements must be based on the facts of each individual case and, in order to be eligible for such compensation, the improvements must: (a) have been made in good faith, (b) be of a necessary and substantial nature, and (c) materially enhance the value of the property. 68 C.J.S. Partition § 139.

■ The Husband's post-trial memorandum concedes his obligation to contribute his proportionate share of improvement costs. However, he urges the Court to limit his contribution to those expenses for which Wife has produced documentation. The Court is not inclined to view the matter so restrictively because the Court is satisfied from the evidence adduced at the hearing, including the Wife's oral testimony, that she incurred expenses for improvements totaling $6,999.00 as follows:

| IMPROVEMENT | COST | YEAR |
|---|---|---|
| Basement Door | $ 788.00 | 1977 |
| Roofing | 490.00 | 1988 |
| Heater Repair | 280.00 | 1989 |
| New Boiler/Furnace | 241.00 | 1989 |
| Redone Hardwood Floors | 1000.00 | 1985 |
| Redone Kitchen | 1500.00 | 1985 |
| Bathroom Sink | 600.00 | 1985 |
| Gutters | 1000.00 | 1985 |
| House Painted | 1100.00 | 1985 |
| **TOTAL** | **$6999.00** | |

3. In the case of *In the Matter of the Real Estate of Helen R. and Linwood Manning,* Del.Ch., C.M. 4666, Berger, V.C. (March 18, 1986), the Court suggested that mortgage payments be an appropriate "contribution" for the Court to consider in determining the credits to which a co-tenant might be entitled on partition. In this case, however, the mortgage payments are very low and would hardly cover the fair rental value of Husband's 50% interest in the property.

 In addition, Husband will be obligated to pay one-half share of the cost of the appraisal prepared in anticipation of trial. The appraisal fee was $200.00. Finally, although the Court does not believe that the Wife should receive back all of the mortgage payments which she made, as a matter of equity, it does believe that she should be reimbursed for the principal payments which she made after the date of divorce in the amount of $4,231.39.[4] Thus, after the partition sale but before the proceeds from the sale of the former marital home are distributed, the Wife must be reimbursed in the sum of $11,330.39. After making such reimbursement, the balance should be divided equally.

 Unless the parties can mutually agree to sell the property privately or to have it transferred to the Wife for a sum certain, a trustee must be appointed for the purpose of exposing the property to public sale. *Branca, supra.* While this may be an economically undesirable way to sell real estate, no other method of sale in a partition proceeding is provided for by statute. *Id.* If a public sale is held, the Wife is, of course free to bid on the property at that time in which case she will neverthe-less be required to pay to Husband the sum which represents his interest in the property, after deduction of the expenses to be reimbursed for as set forth above.

IT IS THEREFORE ORDERED as follows:

1. The Petition for Partition of the former marital property known as 2811 N. Harrison Street IS GRANTED.

2. If the parties cannot otherwise settle the case or agree on an alternative method of sale within thirty (30) days, a trustee will be appointed to manage the public sale of the property.

3. The net proceeds from the sale of the house shall be equally divided between the parties after reimbursement to the Wife of the sum of $11,330.39 plus such additional mortgage principal reductions as the Wife may make between August 24, 1990 and the date of sale.

---

4. The mortgage balance in September 1977 (date of divorce) was $12,588.30 and on August 24, 1990 $8,356.91. From the testimony, the Court concludes that the Wife made all payments after the divorce. *Compare, Manning, supra.*