Richard G. SALENIUS [1]

v.

Karen E. SALENIUS.

Supreme Judicial Court of Maine.

Argued April 27, 1994.
Decided Feb. 9, 1995.

1. Counsel has informed the Court that Richard G. Salenius died on February 1, 1995.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ.

CLIFFORD, Justice.

Karen Salenius appeals from a judgment entered in the Superior Court (Knox County, *Alexander, J.*) affirming the order of the District Court (Rockland, *Wescott, J.*) dismissing her M.R.Civ.P. 60(b) motion for relief from a 1988 divorce judgment. Karen contends that the District Court erred in denying her relief because the 1988 judgment did not divide all of the parties' marital property, and, in addition, erred in determining that 19 M.R.S.A. § 722–A(6) (Supp.1994), the omitted property statute, could not be applied retroactively. Finding no merit in her contentions, we affirm the judgment.

Richard and Karen Salenius were married in 1980 and divorced in 1988. Pursuant to M.R.Civ.P. 80(n),[2] Richard and Karen each filed a list of their marital and nonmarital property. Richard, who had been on active duty with the United States Coast Guard since 1971, did not include his right to a military pension in his property list. Karen did not include Richard's pension in her list either. Both parties were aware that Richard would be entitled to a pension on his retirement.

The divorce judgment divided the marital property as follows:

> Each party will keep the balance of bank accounts presently in his or her name. The 1983 Dodge Aries, his ski[ ]s, his bicycle, his paternal grandfather's dresser and night stand, the foam Hollywood couch, the stereo, the 16 " chainsaw, and the rowing machine will be set aside to [Richard]. All other items of personal property will be set aside to [Karen].

Consistent with the Rule 80(n) statements, the judgment did not specifically mention Richard's pension.

Over four years later, Karen filed a motion for relief from the divorce judgment pursuant to M.R.Civ.P. 60(b)(6). The motion al-

Carol Ann Lundquist, (orally), Strout & Payson, P.A., Rockland, for plaintiff.

Susan E. Oram, Judith W. Andrucki, Isaacson & Raymond, P.A., Lewiston, for amicus curiae.

William C. Leonard, (orally), Bath, for defendant.

2. M.R.Civ.P. 80(n), which has since been replaced, required parties to a divorce action to "list separately all marital and non-marital property to be divided or set aside by the court." *See* present M.R.Civ.P. 80(c).

leged that the judgment did not adjudicate Richard's pension and requested that the court divide it pursuant to 19 M.R.S.A. § 722–A(6).[3] During the hearing, Karen argued in the alternative that the 1988 judgment actually awarded the pension to her pursuant to the above quoted paragraph.

■ The court found that at the time of the divorce, Karen was aware that Richard "had been accruing pension rights but she did not know that these rights were 'marital property' which could be disposed of by the Court." The court ruled that (1) Karen's motion was actually a 60(b)(1) motion because it was based on her mistake that the pension was nonmarital property, (2) the motion was not timely because it was not filed within one year of the 1988 judgment as required under Rule 60(b)(1), (3) section 722–A(6) did not apply to judgments entered before its effective date, and (4) the 1988 judgment "does not operate as an award to [Karen] of [Richard's] military pension rights earned during the parties' marriage because that judgment fails to make any findings which would support the conclusion that the Court intended to award such rights to [Karen]." The Superior Court affirmed the District Court,[4] and this appeal followed.

## I.

■ At the time of the divorce in 1988, Karen, who was represented by counsel, was fully aware of Richard's unvested pension rights and chose not to assert any interest in that pension. Four years after the divorce became final, however, Karen changed her mind. Without alleging fraud, misrepresentation, or advancing any compelling reason for her failure to claim an interest in Richard's pension at the time of the divorce, she moved to set aside the divorce judgment to claim a share of the pension pursuant to

M.R.Civ.P. 60(b). Although Richard's pension may have constituted marital property at the time of the divorce, Karen had an obligation to bring that to the court's attention at that time to allow the court to determine what property was marital. *See Fitch v. Fitch*, 645 A.2d 631, 632–33 (Me.1994); M.R.Civ.P. 80(c) (parties have an obligation to file financial information with the court).

■ Rule 60(b) "presupposes that a party has performed [her] duty to take legal steps to protect [her] own interest in the original litigation." *Reville v. Reville*, 370 A.2d 249, 254 (Me.1977); it "is not intended as an alternative method of appeal." *Kolmosky v. Kolmosky*, 631 A.2d 419, 421 (Me.1993) (citing *Reville*, 370 A.2d at 254). The court correctly considered Karen's motion, labelled 60(b)(6), as a rule 60(b)(1) motion based on mistake or inadvertence. Since the motion was not brought within one year from the date of judgment as required by the rule, the court acted within its discretion in denying her relief. Moreover, Karen advanced no justification for her failure to call Richard's pension to the attention of the court and assert an interest in it. Therefore, she is not entitled to relief pursuant to *any* of the provisions of Rule 60(b). *Reville*, 370 A.2d at 253. Unless the 1988 divorce judgment did in fact award Richard's pension to Karen, or section 722–A(6) applies retroactively to this divorce judgment entered prior to its effective date, the court properly acted within its discretion in denying Rule 60(b) relief to Karen.

## II.

■ Karen contends that the District Court erred in finding that Richard's pension was unadjudicated. Although the 1988 judgment did not specifically mention the pen-

---

**3.** 19 M.R.S.A. § 722–(A)(6), which became effective September 30, 1989, *see* P.L.1989, ch. 150, provides as follows:

**Omitted property.** If a final divorce decree fails to set apart or divide marital property over which the court had jurisdiction, the omitted property is deemed held by both parties as tenants in common. On the motion of either party, which may be made at any time, the court may set aside or divide

the omitted property between the parties, as justice may require.

**4.** When the Superior Court acts solely as an intermediate appellate court, we review directly the record before the District Court to determine whether its decision contains any error of law that affects the validity of the judgment. *Noyes v. Noyes*, 617 A.2d 1036 (Me.1992); *Ringuette v. Ringuette*, 594 A.2d 1076, 1078 (Me.1991).

sion, Karen asserts that it was awarded to her pursuant to the provision that "[a]ll other items of personal property will be set aside to [Karen]." We disagree.

As the District Court concluded, the record is devoid of any evidence that the pension was to be awarded to Karen. It appears that the provision relied on by Karen was intended to include only those items of personal property referenced in the parties' Rule 80(n) lists. Those lists made no reference to Richard's pension rights. The court did not err in its interpretation of the 1988 judgment. *See Bliss v. Bliss,* 583 A.2d 208, 210 (Me.1990) ("a divorce court has the power at any time to clarify an ambiguous judgment it has previously issued").

## III.

Karen further contends that 19 M.R.S.A. § 722–A(6) should be applied to reopen this 1988 judgment. Section 722–A(6) was enacted to take effect on September 30, 1989, and does not contain any explicit provision that it is to apply retroactively. The key to the proper application of a statute is to determine the intent of the legislature from the language of the statute. *See, e.g., Estate of Stone,* 621 A.2d 852, 853 (Me.1993). Generally, a statute will be construed to apply prospectively unless a legislative intent to make it retroactive is clearly stated. *Terry v. St. Regis Paper Co.,* 459 A.2d 1106, 1109 (Me.1983); *Coates v. Maine Employment Sec. Comm'n,* 406 A.2d 94, 97 (Me.1979).

A statute's history may also be resorted to to help determine legislative intent. *State v. Norton,* 335 A.2d 607, 613 n. 3 (Me. 1975). As initially proposed, the legislation expressly stated that a spouse could reach military pension benefits not specifically disposed of in the divorce judgment *regardless of the date of the divorce judgment. See* L.D. 426 (114th Legis.1989).[5] In subsequent amendments, however, the bill was broadened to apply to all marital property, but

significantly, its sweeping language providing for retroactive application was deleted. P.L. 1989, ch. 150.

Moreover, the change in Maine law brought about by this statute compels a conclusion that it was intended to be prospective only. Maine is an equitable distribution state, and not a community property state. One of the principal differences between the two is the nature of the spouse's interest in property to which the other spouse holds legal title. In a community property state, the spouse acquires a " *'present vested* undivided one-half interest in all property acquired during the existence of the marital relationship' " regardless of the state of title. *Hursey v. Hursey,* 284 S.C. 323, 326 S.E.2d 178, 181 (Ct.App.1985) (quoting *Rogers v. Rogers,* 98 A.D.2d 386, 470 N.Y.S.2d 401, 404–05 (1983)) (emphasis in original). By contrast, in an equitable distribution state such as Maine, each spouse retains sole interest in property held in his or her name, subject to the right of the other spouse to equitable distribution. Thus, legal title to property remains unaffected by a divorce judgment that failed to set it apart. *See Weber v. Allen,* 574 A.2d 1362, 1364 (Me. 1990) (holding that title to real estate held jointly by divorced couple remained unaffected by the 1961 divorce judgment that failed to divide it).[6]

Section 722–A(6), however, changed that law to provide that *all* property omitted from the divorce judgment, regardless of which spouse holds legal title to the property, is deemed held by the parties as tenants in common. Not only does section 722–A(6) change Maine's equitable distribution scheme, it represents a limited exception to the doctrine of *res judicata,* which bars the relitigation of all issues that were tried or could have been tried in the prior litigation. *See Sargent v. Sargent,* 622 A.2d 721, 722 n. 1 (Me.1993). *Res judicata* serves the critical

---

**5.** The legislation as originally proposed provided that relief could be sought "regardless of the date on which the decree was entered," that the delay of the plaintiff was not a bar to relief, and that *res judicata* and collateral estoppel did not bar relief. L.D. 426 (114th Legis.1989).

**6.** The court based its decision on the fact that the 1961 divorce judgment became final before Maine enacted its current equitable distribution method of property division. *Weber,* 574 A.2d at 1364.

policies of judicial economy, the stability of final judgments, and fairness to litigants. *See Connecticut Nat'l Bank v. Kendall,* 617 A.2d 544, 546 (Me.1992); *Currier v. Cyr,* 570 A.2d 1205, 1208 (Me.1990).

■ We have long recognized the particular importance of stability and finality of property settlements. As we observed in *Merrill v. Merrill,* 449 A.2d 1120 (Me.1982), "it is necessary that judgments, especially those settling property rights as in this case, have a high degree of stability and finality." *Id.* at 1124; *see Kolmosky,* 631 A.2d at 421 (it is in the public interest that final divorce judgments not be easily altered); *see also Reville,* 370 A.2d at 253. Because the parties' interest in the finality of property divisions is so important, we are in accord with the many other equitable distribution jurisdictions that bar subsequent litigation over property rights that could have been raised in the original divorce proceedings.[7] Section 722–A(6) disturbs this settled policy as well.

The absence of clear language in the statute giving it retroactive application indicates that the legislature did not intend such a dramatic departure from the prior law to apply to divorce judgments, like the one in this case, that became final long before the statute's enactment.

Judgment affirmed.

WATHEN, C.J., and ROBERTS and RUDMAN, JJ., concur.

DANA, Justice, with whom GLASSMAN, Justice, joins, dissenting.

I respectfully dissent.

The Court misperceives the remedy that Karen seeks. She does not seek to change the 1988 divorce judgment. She seeks a judicial division of marital property not divided by that judgment. I would find that Title 19 M.R.S.A. § 722–A(6) (Supp.1994) authorizes her motion notwithstanding the fact that the statute took effect after her divorce judgment became final.

Marital property remains marital property even if a divorce court fails to set it apart, *see Sheldon v. Sheldon,* 423 A.2d 943, 947 (Me. 1980) (even though parties have agreed to possession and use, marital property remains "legally marital property" pursuant to section 722–A(2) and (3) until it is divided by a court order). The second sentence of section 722–A(6) merely provides a procedure for the equitable division of omitted marital property and does not "alter substantive rights." *Michaud v. Northern Maine Medical Ctr.,* 436 A.2d 398, 400 (Me.1981); *see Riley v. Bath Iron Works,* 639 A.2d 626, 628 (Me.1994) ("absent any pending action or proceeding and absent any legislative statement to the contrary, the Legislature intends that procedural changes apply to preexisting, inchoate interests and that substantive changes do not"); *see also Fournier v. Fournier,* 376 A.2d 100, 102 (Me.1977) ("Statutes providing

---

7. *See Jones v. Jones,* 26 Ark.App. 1, 759 S.W.2d 42, 45–46 (1988) (wife waived rights to stock and profit sharing plan by failing to raise them before entry of judgment); *Walker v. Walker,* 566 So.2d 1350, 1352 (Fla.Dist.Ct.App.1990) (property decree bars subsequent litigation over property rights that should have been and could have been raised in the divorce proceeding); *Basden v. Basden,* 183 Ga.App. 188, 358 S.E.2d 317, 318 (1987) (judgment of alimony and division of property were *res judicata* in subsequent action alleging that husband owed $21,000 in unpaid loans to wife); *Mitchell v. Mitchell,* 171 Kan. 390, 233 P.2d 517, 520 (1951) (failure to raise any claim for division of property before divorce judgment is full and complete bar to subsequent assertion of such rights as if they had been fully tried and determined); *Boronow v. Boronow,* 71 N.Y.2d 284, 525 N.Y.S.2d 179, 182, 519 N.E.2d 1375, 1378 (N.Y.1988) (party who had full and fair opportunity to litigate title to marital home is barred by *res judicata* from subsequently and

separately raising the issue); *Carter v. Carter,* 102 N.C.App. 440, 402 S.E.2d 469, 472 (N.C.1991) (legal effect of divorce decree is to preclude adjudication of any equitable distribution claim not asserted prior to divorce).

A number of cases have applied that doctrine specifically in the area of subsequent claims for a share of a military pension. *See McBride v. McBride,* 112 Idaho 959, 739 P.2d 258, 260 (1987) (property division portion of divorce decree was *res judicata* with respect to subsequent claim for share of military pension); *In re Marriage of Lipkin,* 163 Ill.App.3d 1033, 115 Ill.Dec. 76, 79, 517 N.E.2d 41, 44 (1987) (doctrine of *res judicata* barred subsequent action for division of military pension when wife failed to seek consideration of pension in original proceeding); *Harris v. Harris,* 141 Wis.2d 569, 415 N.W.2d 586, 592 (Ct.App.1987) (husband's military pension not considered in original property settlement could not be divided in subsequent action).

procedures for the division of property upon divorce are remedial in nature, and the legislature may change those procedures without offending constitutional principles.").

The Court declares that permitting Karen to employ section 722–A(6) to obtain relief for a failure to divide marital property prior to the effective date of the statute is to give the statute retroactive application not authorized by the Legislature. It is wrong on two counts. First, to the extent that section 722–A(6) provides a new remedy, it operates prospectively, not retroactively. Second, to the extent that section 722–A(6) provides a remedy for an old wrong, it is what the Legislature intended. During the legislative debate, this question was asked and answered.

*Representative MELENDY:* [Section 725–A] dealt with spouses who, prior to 1983, if they went through the divorce process, many of them did not realize that retirement benefits were also joint property that they could work into the divorce agreement. So, back in 1983, the federal government passed a law saying that as of 1983, that could be something that could be argued for and that the federal government would be the one sending out the checks. The spouses, prior to 1983, sort of had no recourse. What this is saying, and the only reason the title has changed is because the way it was written, it seemed unconstitutional. This was just a matter of clarification so if the divorce decree didn't say that it had considered the retirement benefits the spouse would be able to petition the courts and ask to have it reopened. It would be up to the court to grant or not grant it....

*Representative MARSANO:* Was it the intent then, as a result of the change of the title and the change of law in this bill, that those pensions would become subject to future determinations of the court? ...

*Representative MELENDY:* If I understand the question right, yes. If the retirement benefits were not spelled out in the divorce agreement, then yes the spouse could go back and petition the court that that particular segment of their joint property could again be reopened but for that segment only....

Leg.Rec. H–416 (1989).

Karen's motion is brought pursuant to the second sentence of § 722–A(6) ("On the motion of either party, which may be made at anytime, the court may set aside or divide the omitted property between the parties, as justice may require."). Although the phrase "as justice may require" would allow the Court to consider the provisions of the divorce judgment relating to property division, the statute in no way contemplates any amendment or alteration of the divorce judgment. The Court's analysis seeks to defeat this patently remedial provision by exaggerating the "dramatic" consequences of the first sentence ("If a final divorce decree fails to set apart or divide marital property over which the court had jurisdiction, the omitted property is deemed held by both parties as tenants in common."). The first sentence has no application to the current dispute.

Contrary to the Court's contention, therefore, the doctrine of res judicata would not serve as a bar to Karen's action to divide unadjudicated marital property. *See* 27A C.J.S. *Divorce* § 264 at 606 (1986) (divorce judgment is "not conclusive as to questions which might have been but were not litigated in the original action").[1]

I would vacate the judgment.

---

**1.** Several jurisdictions have adopted this view. *See, e.g., Williams v. Waldman,* 108 Nev. 466, 836 P.2d 614, 619 (1992) ("Unadjudicated marital property may be subject to partition in an independent action in equity."); *Cooper v. Cooper,* 167 Ariz. 482, 808 P.2d 1234, 1239 (Ct.App.1990) (wife may bring action to divide ex-husband's pension, even though both parties were aware of the pension at the time of the original divorce decree); *Hamilton v. Hamilton,* 597 A.2d 856, 859 (Del.Fam.Ct.1990) (ex-spouse may bring action for partition of unadjudicated marital property); *Buhrmann v. Buhrmann,* 231 Neb. 831, 438 N.W.2d 481, 484 (Neb.1989) ("a decree of dissolution which does not contain a complete adjudication of property rights of the parties

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

does not operate as an absolute bar to the maintenance of an independent action by either of the parties involving such rights"): *Chrun v. Chrun*, 751 S.W.2d 752, 755 (Mo.1988) (en banc) ("post-final-judgment efforts to divide marital property not previously divided in a dissolution action require an independent suit in equity"); *Searles v. Searles*, 420 N.W.2d 581, 583 (Minn.1988) (where divorce decree fails to dispose of parties' property, the matter of ownership remains to be determined); *In re Marriage of Graves*, 198 Cal. App.3d 1047, 244 Cal.Rptr. 110, 113 (1988) (spouse may bring separate action for division of unadjudicated property); *Koepke v. Koepke*, 732 S.W.2d 299, 300 (Tex.1987) (ex-spouse may bring action for partition of unadjudicated military retirement benefits); *In re marriage of Bishop*, 46 Wash.App. 198, 729 P.2d 647, 648 (1986) (unadjudicated pension rights are subject to partition).