THE CORNHUSKER BANK OF OMAHA, A BANKING
CORPORATION, APPELLEE, V. ALBERT McNAMARA, DOING
BUSINESS AS MAC'S CHEVROLET-OLDSMOBILE,
APPELLANT.

288 N. W. 2d 287

Filed February 12, 1980. No. 42591.

Ben L. Anderson of Anderson, Stock & Anderson, for appellant.

Michael L. Schleich of Morsman, Fike, Davis & Schumacher, P.C., for appellee.

Heard before BOSLAUGH, McCOWN, CLINTON, and WHITE, JJ., and WOLF, District Judge.

WOLF, District Judge.

This is an appeal by the defendant from the judgment of the District Court in favor of the plaintiff upon plaintiff's action in replevin and ordering that plaintiff recover possession from the defendant of a 1976 Corvette automobile.

The facts are not in dispute. On December 23, 1975, Robert R. Blank purchased the 1976 Chevrolet Corvette two-door coupe from John Craft Chevrolet, Inc., of Omaha, and received possession of the auto-

mobile and the manufacturer's statement of origin, which was completed with an assignment by the licensed dealer executed to Robert R. Blank. At the time of such purchase, Mr. Blank was the executive vice president of the plaintiff, The Cornhusker Bank of Omaha; however, the purchase of the automobile was made by Mr. Blank for his personal use. Mr. Blank did not obtain a Nebraska certificate of title, but retained possession of the manufacturer's statement of origin and kept the vehicle in his garage. On April 9, 1976, Mr. Blank sold the vehicle to Michael Daugherty for approximately $8,600. Mr. Daugherty obtained the funds to make the purchse by borrowing $8,600 from The Cornhusker Bank of Omaha. Daugherty executed a note and a security agreement on the 1976 Corvette. Apparently, at the same time, Robert R. Blank executed and acknowledged the second assignment on the manufacturer's statement of origin in Blank, and it was delivered to The Cornhusker Bank of Omaha and retained by the plaintiff with the Daugherty note and security agreement. No Nebraska motor vehicle title was obtained nor was the security agreement filed.

Michael Daugherty's note to The Cornhusker Bank of Omaha was due 91 days after April 9, 1976, with interest at 11 percent per annum. This note was apparently paid with the proceeds of a new note from Daugherty to The Cornhusker Bank of Omaha dated October 11, 1976, in the sum of $10,135.80, which new note required monthly payments of $281.55, commencing November 10, 1976. The note indicated on its face that the 1976 Corvette was collateral, but there is no evidence of any new security agreement or of any filing of the claimed lien. No payments were made by Mr. Daugherty on the new note.

On October 21, 1976, the defendant, Albert McNamara, a licensed automobile dealer, purchased the Corvette from Michael Daugherty by giving Daugherty a check for $8,300 and taking possession of the

vehicle. No certificate of title or manufacturer's statement of origin was delivered to Mr. McNamara. Mr. Daugherty promised Mr. McNamara that he would send McNamara the title the first of the week. On Monday or Tuesday McNamara called the Douglas County clerk and determined that there was no lien filed against the vehicle. Later, having discovered that the plaintiff had actual possession of the manufacturer's statement of origin, the defendant made demand upon the plaintiff for the statement, which was apparently refused. Subsequently, Robert R. Blank obtained possession of the manufacturer's statement of origin and had a Nebraska certificate of title issued to the vehicle in his own name and immediately assigned the title to The Cornhusker Bank of Omaha, who, on July 12, 1977, obtained the Nebraska certificate of title in its own name. The title did not show any endorsement of lien.

On August 15, 1977, the plaintiff filed the replevin action. By judgment entered December 14, 1978, the defendant was ordered to deliver possession of the vehicle to the plaintiff and upon the overruling of the defendant's motion for new trial, the defendant has appealed to this court.

The plaintiff in a replevin action has the burden of proof and must recover on the strength of its or his right in or to the property, and not upon any weakness of the interest of the defendant therein. First Nat. Bank v. Provident Finance Co., 176 Neb. 45, 125 N. W. 2d 78.

It is the burden of the plaintiff in a replevin action to show either ownership of the property with the right to immediate possession or a special ownership or interest therein with the right to immediate possession. Section 60-105, R. R. S. 1943, reads in part: "(1) No person * * * acquiring a motor vehicle * * * from the owner thereof * * * shall acquire any right, title, claim, or interest in or to such motor

vehicle * * * until he shall have had delivered to him physical possession of such motor vehicle * * * and a certificate of title or a manufacturer's or importer's certificate duly executed in accordance with the provisions of this act, and with such assignments thereon as may be necessary to show title in the purchaser thereof * * *.'' The same subsection further provides: ''No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle * * * sold or disposed of, or mortgaged or encumbered, unless there is compliance with this section.''

The plaintiff never received physical possession of the motor vehicle. Neither was the manufacturer's certificate executed in accordance with the provisions of the act because only a licensed dealer is authorized to make an assignment of the manufacturer's statement. The certificate of title to the motor vehicle in the name of the plaintiff was not obtained by negotiation with or transfer from the plaintiff's debtor, Michael Daugherty, such as would amount to a voluntary surrender of the collateral under the unrecorded security agreement. A strict interpretation of the Nebraska Certificate of Title Act would necessarily result in the conclusion that the plaintiff acquired neither legal title nor lien upon the motor vehicle.

One holding a lien upon a motor vehicle must, insofar as he can reasonably do so, protect himself and others thereafter dealing in good faith, by complying and requiring compliance with applicable laws concerning certificates of title to motor vehicles. First Nat. Bank v. Provident Finance Co., *supra*. The facts disclose that the plaintiff, with the assistance of Mr. Blank and Mr. Daugherty, caused the possession of the motor vehicle to be transferred from Blank to Daugherty, without taking the proper steps under the statute to protect its lien and to give notice to subsequent purchasers. Having failed to

protect its security interest by a proper notation on the title, the plaintiff cannot substitute title in its name by certificate of title without substantial compliance with section 60-105, R. R. S. 1943, which requires concurrent possession of the vehicle in the titleholder.

This is not to indicate that this court finds the defendant to be an innocent purchaser. An innocent purchaser would be protected where he receives possession of the motor vehicle together with a properly executed and assigned title certificate upon which no lien is endorsed.

The Legislature has mandated that no court shall recognize the right, title, claim, or any interest of any person in or to any motor vehicle unless there is compliance with section 60-105, R. R. S. 1943. It is clear to this court that the plaintiff has made no good faith effort to comply with the statutory requirements. This court, therefore, refuses to recognize any claim of lien or any claim of legal title by the plaintiff and holds that the plaintiff may not be successful against the defendant upon an action in replevin.

We conclude, for the reasons given in this opinion, that the judgment of the trial court should be reversed and the plaintiff's action dismissed.

REVERSED AND DISMISSED.