RICHARD HANSON, APPELLANT, V. GENERAL MOTORS
CORPORATION, APPELLEE.

486 N.W.2d 223

Filed July 24, 1992.   No. S-89-1492.

Gordon Peterson, of Orton, Brown, Thomas & Peterson, for appellant.

Terry R. Wittler, of Cline, Williams, Wright, Johnson & Oldfather, for appellee.

BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

The plaintiff-appellant, Richard Hanson, and his wife, Beverly Hanson, both contributed to the purchase price of a vehicle claimed to have been manufactured by the defendant-appellee, General Motors Corporation, which vehicle they caused to be titled solely in the wife's name. The husband and wife later joined in filing this action, alleging that the vehicle was defective, in breach of the warranties made by General Motors. General Motors successfully moved the district court for summary judgment against the husband, on

the ground that as he was not named as an owner on the certificate of title, he could have no legally cognizable interest in the vehicle, and then effected a settlement with the wife. The husband appealed, asserting that the district court erred in concluding that he lacked standing to sue. The Court of Appeals affirmed the judgment of the district court, and we thereafter granted the husband's petition for further review. We now reverse the judgment of the Court of Appeals and remand the cause to that court with direction to remand to the district court for further proceedings consistent with this opinion.

General Motors relies on the certificate of title act, Neb. Rev. Stat. §§ 60-101 through 60-117 (Reissue 1988), and more specifically on § 60-105(1), which reads, in relevant part:

> No person . . . acquiring a motor vehicle . . . shall acquire any right, title, claim, or interest in or to such motor vehicle . . . until he shall have had delivered to him physical possession of such motor vehicle . . . and a certificate of title . . . duly executed in accordance with the provisions of this act, and with such assignments thereon as may be necessary to show title in the purchaser thereof . . . . No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle . . . sold or disposed of, or mortgaged or encumbered, unless there is compliance with this section.

The husband, however, argues that under the circumstances of this case, the foregoing statute is not conclusive on the question of ownership.

Since the issue as to whether § 60-105(1) renders a certificate of title conclusive on the issue of the husband's ownership interest under the circumstances of this case is one of law, we have an independent obligation to reach a correct conclusion. See, *In re Estate of Morse, ante* p. 40, 486 N.W.2d 195 (1992); *Husen v. Husen, ante* p. 10, 487 N.W.2d 269 (1992).

We recently reviewed the import of § 60-105(1) in *Alford v. Neal*, 229 Neb. 67, 425 N.W.2d 325 (1988), a replevin action in which the highest bidder at a public auction was held to be the owner of certain motor vehicles against the claim of the named titleholders that the bidder had merely extended them a loan. In so ruling, we noted our earlier observations that while the

certificate of title act provides the exclusive method for the transfer of title to a vehicle, it is not conclusive on the issue of ownership, and we declared that as between the buyer and seller of a motor vehicle, the certificate of title is prima facie evidence, but is not conclusive proof of ownership. We reasoned that to hold otherwise would unjustly enrich those unscrupulous sellers inclined to withhold certificates of title after successfully procuring the amount of the purchase price from an unwitting buyer.

While General Motors correctly points out that it did not sell the vehicle to the husband, it does not dispute that it was the manufacturer, and there is no question that by virtue of the subject litigation, General Motors knew before compromising the wife's claim that the husband had contributed to the purchase price of the vehicle and that he, too, claimed to have suffered damages as the result of the claimed breach of warranties. Under those circumstances, General Motors, as the manufacturer of the vehicle, is, for the purposes under consideration, in no different position than a seller who possessed full knowledge of the events surrounding a sale. Thus, we hold that as between the buyer and manufacturer of an allegedly defective motor vehicle, the certificate of title is not conclusive proof of ownership.

Contrary to the contention of General Motors, *Nelson v. Cool*, 230 Neb. 859, 434 N.W.2d 32 (1989), another replevin action, does not suggest a different result. Therein, pursuant to a business arrangement between the two, the certificate of title to a motor vehicle purchased by the plaintiff was issued in the name of the first defendant. That defendant subsequently conveyed the title to the second defendant. In dismissing the plaintiff's effort to enforce a special ownership interest in the vehicle, we ruled that as the first defendant did not have possession of the vehicle, replevin could not lie against him, and that in the absence of fraud, theft, misrepresentation, or breach of contract, the act protected the second defendant. Again, the obvious distinction in this case is that having acted with full knowledge of and in complete disregard of the husband's contribution to the purchase of the subject vehicle and of his claim for damages, General Motors is not in the position in

which the second *Nelson* defendant found himself. See, also, *The Cornhusker Bank of Omaha v. McNamara*, 205 Neb. 504, 288 N.W.2d 287 (1980) (§ 60-105 protects innocent purchaser who receives possession of vehicle, together with properly executed and assigned certificate of title on which no lien noted).

As we have often held, summary judgment is properly granted when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue concerning any material fact or as to the ultimate inferences deducible from such fact or facts and that the moving party is entitled to judgment as a matter of law. *Anderson v. Service Merchandise Co.*, 240 Neb. 873, 485 N.W.2d 170 (1992); *Antelope Cty. Farmers Coop v. Citizens State Bank*, 240 Neb. 760, 484 N.W.2d 822 (1992). Inasmuch as the certificate of title in this case is not conclusive on the issue of ownership, the husband does indeed have standing to sue, and, thus, General Motors is not entitled to judgment as a matter of law.

REVERSED AND REMANDED WITH DIRECTION.

HASTINGS, C.J., not participating.