METROPOLITAN LIFE INSURANCE COMPANY, A CORPORATION, APPELLEE, V. BURTON I. BEATY, APPELLEE, AND DONA FAE GREENOUGH, APPELLANT.

493 N.W.2d 627

Filed January 8, 1993.    No. S-90-911.

Thomas K. Harmon, of Respeliers and Harmon, P.C., for appellant.

Steven M. Watson, P.C., of Marks & Clare, for appellee Beaty.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

Defendant Dona Fae Greenough appeals from the judgment of the district court which awarded to defendant Burton I. Beaty the proceeds of a Metropolitan Life Insurance Company policy on the life of Roy Beaty, deceased. This action was originally brought as the result of an interpleader petition filed by the plaintiff, Metropolitan. The two defendants filed

separate motions for summary judgment. The district court sustained the motion of Burton Beaty and overruled the motion of Greenough.

The facts are not in dispute ·and are found in a joint stipulation submitted by the parties. Roy Beaty and Greenough were married on June 3, 1962. Two children were born of the marriage, Burton, born August 20, 1963, and Beverly, born August 17, 1966. The marriage was dissolved by decree on July 16, 1982. The decree incorporated various provisions regarding custody, child support, property division, and alimony. The settlement agreement also provided, in relevant part: "7. Husband shall maintain hospitalization and medical insurance coverage for the benefit of his minor child, and shall continue in effect existing life insurance coverage on his own life, naming wife as beneficiary on the policies."

Roy Beaty had been employed by Vickers, Incorporated, since February 24, 1964. The employer had furnished a group policy of insurance with Metropolitan, which afforded life insurance benefits for eligible participating employees. This policy, No. 26550-G, provided death benefits on the life of Roy Beaty and was in existence on the date of the dissolution of the marriage, July 16, 1982, and on the date of Roy Beaty's death on July 11, 1989. As a result of the death of Roy Beaty, Metropolitan became obligated to pay $13,500 plus 6-percent interest on that policy.

On December 10, 1986, Roy Beaty signed a Vickers "Medical/Dental/Life Insurance" form on which he designated "Burton I. Beaty, son, if living; otherwise, Beverly Y. Beaty, daughter," as beneficiary of his group life insurance benefits. On November 21, 1988, Roy Beaty signed a second Vickers "Medical/Dental/Life Insurance" form in which he designated "Burton I. Beaty, son, if living[;] otherwise, Jimmie D. Beaty[,] brother," as beneficiary of his group life insurance benefits.

A dispute arose between the parties to this appeal with regard to the benefits available under the Metropolitan policy at issue. Pursuant to an order of the district court, Metropolitan deposited its admitted full and total liability amount of $14,014.89 with the clerk of that court and was dismissed from

this cause of action. As previously stated, the court sustained the motion for summary judgment filed by Burton Beaty.

Greenough asserts as error the court's (1) sustaining of Burton Beaty's motion for summary judgment; (2) overruling of Greenough's motion for summary judgment; (3) interpreting the language of the decree and the property settlement agreement to deny benefits of coverage to Greenough, because the same was clear and unambiguous; and (4) denying Greenough benefits available per terms of the life insurance policy. We reverse and remand with directions.

In appellate review of a summary judgment, the court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Howard v. Blue Cross Blue Shield, ante* p. 150, 494 N.W.2d 99 (1993); *Anderson v. Service Merchandise Co.*, 240 Neb. 873, 485 N.W.2d 170 (1992).

Summary judgment is to be granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Howard v. Blue Cross Blue Shield, supra*; *Hanson v. General Motors Corp.*, 241 Neb. 81, 486 N.W.2d 223 (1992).

Burton Beaty urged the trial court to find the language of the property settlement agreement to be ambiguous.

Whether a document is ambiguous is a question of law initially determined by a trial court. Regarding a question of law, an appellate court has an obligation to reach a conclusion independent from a trial court's conclusion in a judgment under review. *Knox v. Cook*, 233 Neb. 387, 446 N.W.2d 1 (1989).

Ambiguity exists in an instrument when a word, phrase, or provision in the instrument has, or is susceptible of, at least two reasonable but conflicting interpretations or meanings. *Larsen v. Ralston Bank*, 236 Neb. 880, 464 N.W.2d 329 (1991); *Knox v. Cook, supra*.

The fact that parties to a document have or suggest opposing interpretations of the document does not necessarily, or by

itself, compel the conclusion that the document is ambiguous. *Artex, Inc. v. Omaha Edible Oils, Inc.*, 231 Neb. 281, 436 N.W.2d 146 (1989); *Knox v. Cook, supra.*

If the contents of a document are unambiguous, the document is not subject to interpretation and construction, and the intention of the parties must be determined from the contents of the document. *Knox v. Cook, supra; Fisbeck v. Scherbarth, Inc.*, 229 Neb. 453, 428 N.W.2d 141 (1988).

In the context of interpretation of a decree, this court has held:

> [T]he fact is that neither what the parties thought the judge meant nor what the judge thought he or she meant, after time for appeal has passed, is of any relevance. What the decree, as it became final, means as a matter of law as determined from the four corners of the decree is what is relevant.

*Neujahr v. Neujahr*, 223 Neb. 722, 728, 393 N.W.2d 47, 50-51 (1986).

In the instant case, the trial court found that no ambiguity existed in the provision at issue, paragraph 7 of the property settlement agreement. However, in reaching this conclusion, the court reasoned:

> The fact that contract language may not be given its literal meaning does not necessarily mean that the contract is ambiguous. Words are often not explicitly stated in a second clause of a sentence if the words are implied. Even defendant, Greenough, cannot prevail if the literal meaning would suggest no addition of words to the clause in question. The reason, of course, is that the subject of the clause beginning "and shall continue" is implied from the first clause of paragraph 7. The implication is that the word "he" should be inserted between the words "and" and "shall". But one could argue ambiguousness since possibly the term "minor child" could be the person of reference.
>
> Sensibly, neither counsel suggest that leaving the word "he" out of that clause leads to an ambiguity. Its meaning is evident from the agreement as a whole. Likewise the words "for the benefit of his minor child" are words

implied by the meaning of paragraph 7 but left out of the second clause. If the implied words and phrases were inserted, paragraph 7 would read "Husband shall maintain hospitalization and medical insurance coverage for the benefit of his minor child, and [he] shall continue in effect existing life insurance coverage on his own life [for the benefit of his minor child], naming wife as beneficiary on the policies." . . .

Thus, the trial court suggests that the word "he" and the phrase "for the benefit of the minor child" are both *necessarily* implied in the context of the paragraph. This conclusion is founded upon a faulty premise. It is unnecessary to insert the word "he" in order to avoid ambiguity. The phrase "and shall continue in effect existing life insurance coverage on his own life" could refer to no one other than "[h]usband," since (1) the document is a property settlement agreement directing the disposition of property of husband and wife, and not the minor child; (2) grammatically, "[h]usband" is the subject of the phrase; and (3) the minor child, a daughter (the son attained the age of majority 35 days after the date of the decree), would not, in any event, be directed to continue insurance on "*his* own life."

It is equally unnecessary to insert the phrase "for the benefit of his minor child" because the paragraph is complete and has meaning without the insertion of any additional words. A trial court is not free to rewrite a contract for parties or speculate as to the terms of a contract which the parties have not seen fit to set out. *Rees v. Huffman*, 222 Neb. 493, 384 N.W.2d 631 (1986). The property settlement agreement clearly required "[h]usband" to continue in effect any existing life insurance coverage on his life, naming "wife" as beneficiary. There is no inherent ambiguity in this provision. Where no ambiguity exists a document is not subject to interpretation and construction. There is no language in the provision which states that the policy was intended to insure the support and maintenance of the minor child; neither is there any phrase which would have compelled "wife" to use any benefits she might have received for her child's benefit prior to the child's majority. Nor is there any indication that "wife['s]" interest in the policy was dependent on her child's minority. While Burton Beaty argues

that had the parties' intent been otherwise than to benefit the minor child, the provision regarding the life insurance policy would have been included with the provisions for alimony and other division of marital property rights. It would be equally logical, however, to find that if the parties had intended the policy to provide for the support and maintenance of the minor child, the provision would have been included with the provision for child support.

Here, the trial court apparently concluded that Roy Beaty was free to designate someone other than his former wife as beneficiary only by reading into the provision at issue that the parties' intent was to maintain the insurance for the benefit of the minor child. What a decree of dissolution means, as a matter of law, is determined from the four corners of the decree. *Buhrmann v. Buhrmann*, 231 Neb. 831, 438 N.W.2d 481 (1989); *Neujahr v. Neujahr*, 223 Neb. 722, 393 N.W.2d 47 (1986).

In the absence of ambiguity, the effect of a decree must be declared in light of the literal meaning of the language used. See *Bokelman v. Bokelman*, 202 Neb. 17, 272 N.W.2d 916 (1979).

Where, as here, a property settlement agreement validly provides for the disposition of life insurance benefits, the subsequent execution of a change of beneficiary form absent consent of the other party to the agreement is ineffective. There has been no allegation of any unconscionable advantage taken, and the property settlement agreement was presumably fair. In light of the "four corners of the decree," we find there was no manifest intent to benefit the minor child which would have allowed the decedent to execute a change in the policy permitting the subsequently named beneficiary to receive the proceeds of the life insurance policy at issue.

The judgment of the district court is reversed, and the cause is remanded with directions to enter summary judgment in favor of Dona Fae Greenough.

REVERSED AND REMANDED WITH DIRECTIONS.